CHRISTIAN WEBER (WHO SUES FOR THE USE OF THE JERSEY CITY INSURANCE COMPANY,) v. THE MORRIS AND ESSEX RAILROAD COMPANY.

1. A person having his house and furniture burned from the carelessness of agents of a railroad company, is entitled to recover the entire amount of his loss, in a suit against such company, notwithstanding he has been paid by an insurance company the sum for which they were insured.

2. If such party by mistake deducts from his claim in such suit the amount of the insurance money, the judgment in the first suit, if clearly pleaded, will bar a further recovery.

3. The pleadings in this case considered.

On demurrer to replication.

In the several counts of the declaration in this case, it was stated that the plaintiff, Christian Weber, being the owner of a certain house and household furniture, insured them for the sum of $800 in the Jersey City Insurance Company, and that said house and furniture were subsequently destroyed by fire, communicated by sparks from the locomotive of the defendants, and by the carelessness of the defendants and their agents, by means whereof the said insurance company were compelled to pay and did pay the amount of said insurance.

To this declaration the defendant pleaded in the usual form, a former recovery.

The replication was in the words following, viz.: " And the said plaintiff as to the plea of the said defendants by them above pleaded, saith that he, the said plaintiff, by reason of anything by the said defendants in that plea alleged, ought not to be barred from having and maintaining the aforesaid action thereof against the said defendants, because he saith that there was no action instituted in said Supreme Court, and no recovery had thereon at the time and in the manner as in said plea alleged to have been pending for the recovery of damages for the same grievances in the plaintiff's declaration in this suit set forth before the commencement of this suit, and further saith, that he, the said Christian Weber, did not, for the use of the Jersey City Insurance Company, recover by the consideration and judgment of the said Supreme Court, at the June Term of said court, in the year eighteen hundred and sixty-nine, nor at any other time, against the said defendants, for the same grievances in the declaration in this cause set forth, the sum of twenty-seven hundred and six dollars and fifty-two cents, nor any other sum of money, as and for the same damages and grievances in the plaintiff's declaration in this cause set forth. And further saith, that there remains no record of any proceedings by the said plaintiff in the Supreme Court aforesaid against the said defendants, nor of any judgment recovered thereon, and no judgment remaining in full force and effect in the same court against the said defendants for the same grievances and cause of action in the declaration in this cause stated and set forth.

" And this the plaintiff prays may be inquired of by the country, &c."

Argued at February Term, 1873, before BEASLEY, Chief Justice, and Justices BEDLE, DALRIMPLE and DEPUE.

For the defendant, *Thomas N. McCarter.*

For plaintiff, *Chas. Borcherling.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. From the indications of the record in this case it would seem that the plaintiff cannot successfully maintain this suit. The facts appear to be these : that Christian Weber, the plaintiff, recovered judgment against the defendant, the railroad company, for the burning of his house and furniture by the careless use of its locomotives. That a suit was brought founded on this wrong, and at the time of the trial of that issue the plaintiff had been paid by the Jersey City Insurance Company the amount for which the property destroyed had been insured, and that his damages being supposed to have been to that extent compensated, it was but the residue of the loss which was embraced in the verdict. This was plainly an error. The plaintiff was entitled to recover the entire damages inflicted upon him by the misconduct of the defendant. The railroad company was a wrong-doer, and had no concern in the contracts of the plaintiff with respect to his indemnification in case of the loss of his property by fire. A person committing a tort cannot set up in mitigation of damages that somebody else, with whom he had no connection, has either in whole or in part indemnified the party injured. The recovery should have been to the entire extent of the loss sustained by the burning, and in such event the insurance company would have had an equitable claim to be reimbursed by the plaintiff for the amount of insurance money which it had paid. This right of the insurance company is plainly indisputable. So after it has paid the insurance, its right to sue in

the name of the party injured for the damages sustained by him, in case he refuses to prosecute, is equally well settled.

But while these rights of the insurance company are not to be denied, it is to be remembered that such rights, so far as the railroad company is concerned, are entirely collateral to those of the party directly injured. The insurance company had no direct interest in or title to the property which has been burned. The burning of the property insured brought about a damage to it which was too remote to be the foundation of an action. This has been repeatedly adjudged. Under such circumstances the claims of the underwriter are completely of an equitable nature, being the right to be subrogated, in certain conditions of the case, to the party immediately wronged. But such a right, it is quite obvious, cannot be noticed directly in the course of an action at law. Being altogether incidental to the suit and outside of the issue, it cannot affect the trial or the judgment. This principle has been lost sight of in the present case, for the declaration is drawn apparently upon the theory that the cause of action of the plaintiff is to be helped by the connection of the insurance company with him. But this is not so, and the consequence is that every statement with respect to the insurance company contained in this pleading is mere surplusage, and would have been struck out on motion. The common statement following the name of the plaintiff in a suit at law, that the plaintiff sues for the use of a third party, is a mere notice to the defendant, aside from the regular proceedings in the cause, that such third party claims an interest in the action. Such a memorandum has no effect upon the cause of action as spread upon the record. If this declaration had been purged of its irrelevancies, the subject of the suit would have been placed in so clear a light that it is not probable that the replication would have assumed the objectionable form in which it now stands. The real and only question which can be raised is, whether Mr. Weber, independently of his connection with the insurance company, has a subsisting cause of action against this de-

fendant for the burning of his house and furniture. If he has already recovered for that grievance, and that judgment remains in full force, it is clear that he cannot sue again for the same grievance, even though he can clearly show that the jury did not comprise in their finding a certain part of the damages sustained by him. He cannot do this because his cause of action was an entirety. The law will not permit him to break it into fragments and base a suit on each fragment. If the verdict was not, from mistake, co-extensive with his claim, his remedy was to apply to set it aside and have a re-assessment by a second jury. As long as the former judgment stands, it is conclusive as to the fact that all the damages which were recoverable for this burning were and are embraced in that recovery. In that respect that record cannot be either avoided or contradicted.

The principles of law thus stated, seem to me too rudimentary to require the citation of any authority in their support, but the following authorities will show how they have been applied in cases analogous to the present one. *Hart et al.* v. *Western R. R. Co.*, 13 *Metc.* 100 ; *Mason* v. *Sainsbury*, 3 *Doug.* 61 ; *Yates* v. *Whyte*, 4 *Bing. N. C.* 272 ; *Rockingham Mutual Ins. Co.* v. *Bosher*, 39 *Maine* 253. These rules were, in substance, declared in the opinion read, when this case, in another aspect, was before this court. 6 *Vroom* 410.

By an application of the rules of law thus stated, the legal issue now before the court can be readily disposed of.

The replication, which is demurred to, is intended as an answer to the plea setting up the former recovery. From the careless and inartistic manner in which it is drawn, it is somewhat difficult to put a satisfactory construction upon it. In substance, however, it appears to contain two averments of facts, which are so diverse that they require to be separated. The first of these consists in the allegation that the plaintiff, Christian Weber, did not recover a judgment, &c., *for the use of the Jersey City Insurance Company*, for the same grievances set forth in the declaration. This allegation is founded

on the theory already exploded, that the interest which the insurance company may have in the moneys, can in any wise affect this action. The only question that can arise is, whether the former judgment is for the same grievances now sued for. This part of the replication, therefore, is no answer to the plea. Upon motion, it would have been struck out.

But the concluding clause of this pleading seems to me to be a reply, in law, to the plea. To a plea of judgment recovered, it is of course a legal answer to deny that such judgment was for the same causes of action set forth in the declaration. The concluding part of this replication amounts, as it would appear, to an averment of this character. The allegation is, " that there remains no record of any proceedings, &c., nor of any judgment recovered thereon, and no judgment remaining in full force and effect, &c., for the same grievances and cause of action in the declaration in this cause stated and set forth." This is an argumentative denial that the causes of action now sued on are the same with those embraced in the former recovery. There is no denial that there is a former recovery, but it is alleged that there is no former recovery for these same grievances; if this is so, then the present suit is not founded on the same cause of action embraced in the former judgment. This is very informal, but it seems sufficient to save the replication on a general demurrer. The remedy of the defendant was to move to strike out the whole replication as double, uncertain, and in all respects faulty.

However, on the ground last indicated, the judgment must be for the plaintiff, with leave to defendant to plead anew, &c.

CITED in *State. ex rel. Wilson*, v. *Longstreet*, 9 *Vr.* 312.