† ROCKINGHAM MUTUAL FIRE INS. CO. *versus* BOSHER.

Where property insured is wilfully and maliciously burned by a third person,
no action can be maintained against the wrongdoer, for the money paid by
the insurer in his own name.

TRESPASS ON THE CASE.

The plaintiffs insured one Shannon in a certain sum upon his store or shop and goods therein, which was burnt during the life of the policy.

The loss was adjusted by the parties to the policy and paid; and this action was brought to recover the amount so paid, of the defendant, who was alleged in the writ to have wilfully and maliciously set fire to the building for the purpose of defrauding Shannon, the owner, and the plaintiffs.

A general demurrer was filed to the declaration.

It was agreed, that if in the opinion of the Court the action is maintainable, the demurrer may be withdrawn and the cause stand for trial.

*Clifford* and *J. M. Goodwin,* in support of the demurrer, cited *The London Assurance Co.* v. *Sainsbury & al.,* 3 Doug. 245; *Mason* v. *Sainsbury & al.,* 3 Doug. 61; 2 Phil. on Ins. 4th ed. § 2001; Marshall on Ins. 691; Arnould on Ins., Perkin's ed. 1180; *Clark* v. *Inhabt's of Blything,* 2 Barn. & Cress. 254; *Yates* v. *Whyte & als.,* 4 Bing. N. C. 272; *Hart & als.* v. *Western Railroad Cor.* 13 Met. 105.

*Eastman & Leland,* in support of the action, cited R. S., c. 162, § 13, and contended, that the English authorities referred to, were made under the Riot Acts, and the Acts creating the "Hundred," and that under them, was no such remedy given to *the party injured* as by the statute of our State.

TENNEY, J. — This action is trespass on the case for the recovery of money paid by the plaintiffs to one Shannon, on their policy of insurance against damage by fire on a store, in the town of Saco, and merchandize therein, alleged to have been damaged from a fire wilfully and maliciously kindled by the defendant for the purpose of injuring the said Shannon and the plaintiffs. The defendant filed a general demurrer to the declaration, and the parties agree to submit the question, whether the action can be maintained in the name of the company.

The contract of insurance is one of indemnity between the parties thereto; and so far as the question before us arises, it does not differ essentially from other contracts of indemnity or guaranty. "When the owner who *prima facie*, stands to the whole risk and suffers the whole loss, has engaged another person to be at that particular risk for him, in whole or in part, the owner and insurer are in respect to that ownership, and the risk incident to it, in effect one person, having together the beneficial right to an indemnity. If therefore the owner demands and receives payment of that very loss, from the insurer, as he may by virtue of his contract, there is a manifest equity in transferring the right to indemnity, which he holds for the common benefit, to the insurer. It is one and the same loss for which he has a claim of indemnity, and he can equitably receive but one satisfaction." *Hart & als.* v. *Western Railroad Corp.*, 13 Met. 99.

By the contract of insurance, in the case of loss, the assured having a claim upon the underwriters, to bear the whole or a part of it for him, according to the terms of the policy and the extent of the loss, the privity is between the parties to that contract alone. And payment to the owner by the insurer, does not bar the right against another party originally liable for the loss, but the owner by recovering payment of the underwriters, becomes trustee for them, and by necessary implication makes an equitable assignment to them of his right to recover in his name. This principle is recognized in *Randall* v. *Cochran*, 1 Vesey, sen., 98; *Mason* v. *Sainsbury & als.*, 3 Doug. 61; *Yates* v. *Whyte*, 4 Bing., N. C. 272; *Clark* v. *The Hundred of Blything*, 2 B. & C. 254; *Cullen* v. *Butler*, 5 M. & S. 466, and in the case cited from 13 Met. In the case of *Mason* v. *Sainsbury*, which was an action to recover damages caused by the mob, brought upon the Riot Act against the hundred, the plaintiff had an insurance on the property injured, and had received payment for the loss of the insurers. The action was in the name of the owner by his consent, for the

benefit of the underwriters. Lord MANSFIELD and the whole Court held the action maintainable. BULLER, J., is reported to have said, "it was to be treated as an indemnity, in which the principle is, that the insured and the underwriter are as one person." And PARK, J., in *Yates* v. *Whyte*, says, "It has been laid down by text writers, that when the assured has been indemnified for a wrong, recovers from the wrong-doer, the insurers may recover the amount from the assured. In *Randall* v. *Cochran*, it was said they had the clearest equity to use the name of the assured."

An attempt was made in the case of *The London Assurance Co.* v. *Sainsbury*, 3 Doug. 245, by the office, which having paid the assured the amount of the loss sustained by him, in consequence of a demolishing by rioters, sued the hundred, under the statute of 9 George I., stat. 2, c. 5, § 6, in *its own name*. But it was held by Lord MANSFIELD and BULLER, J., (WILLES and ASHURST dissenting,) that the office was not entitled to recover, and judgment was given for the defendants, which was unanimously affirmed in the Court of Exchequer Chamber. 2 Phil. on Ins. 607, 2nd ed. This case has not been overruled by any cited for the plaintiffs, or which we have been able to find. And the reason of the doctrine of the cases, in which it was held that an action may be maintained in the name of the owner, as the trustee of the insurer, who has paid the loss, against the wrongdoer or party first liable as principal, is wholly inconsistent with the principle that the insurer can in his own name recover for money paid on the contract of insurance in an action against the wrongdoer. For the insurer and assured being in effect one person, each cannot maintain an action at the same time, and for the same loss, where there can be but one satisfaction.

But the plaintiffs rely upon the provisions of R. S., c. 162, § 13, that if any person shall wilfully or maliciously injure, destroy or deface any building or fixture thereto, not having the consent of the owner thereof, or wilfully or maliciously destroy, injure or secrete any goods or chattels,

Rockingham Mut. Fire Ins. Co. v. Bosher.

&c., he shall be punished, &c., and shall also be liable to the party injured in a sum equal to three times the value of the property so destroyed or injured, in an action of trespass. A little consideration will alone be sufficient to satisfy the mind, that this provision cannot be construed, so as to give a right of action to a party, who had none before, at common law. It was designed to increase the liability in the amount to be recovered of one who should wilfully or maliciously destroy, injure or deface, or secrete the property of another person, by the owner thereof, and not by the one who should have no interest in the property, but who might be remotely prejudiced by virtue of some contract with the owner.

The damages to be recovered are clearly designed to be for the loss of the property itself, and not for that which was the indirect consequence of that loss. Damages to be recovered are measured by the value of the property destroyed or injured, alone. The loss or diminution in the value of the property may be greater than that which the insurer may be obliged to pay under the contract of insurance. But the underwriter, if he can recover at all, is not restricted in his damages to the simple amount paid by him to the assured, for the money so paid is not the property destroyed or injured, but he is entitled to damages equal to three times the value of that property. And when the wrongdoer has satisfied a judgment for the damages to that amount in favor of the underwriter, he is discharged from all further liability; and it is not perceived in what mode the owner can obtain remuneration for his loss, above the simple sum paid by the insurer. The proposition which might lead to such consequences cannot be admitted.

*Demurrer sustained.*

*Declaration adjudged bad.*