**EAGLE-PICHER LEAD CO. et al. v. KIRBY.**

No. 15233—Opinion Filed March 31, 1925.

1. **Master and Servant—Election of Remedies — Estoppel of Employe to Sue for Damages.**

Workmen's Compensation Act by the provisions of section 7302, Comp. Stat. 1921, an *employe injured under such circumstances* as to afford him a right to compensation as against an employer, and also to impose a liability in damages on a third person, has a right to elect to seek compensation or damages, but he cannot at the same time receive and retain the benefits of the compensation law and maintain an independent suit in his own name against such third person.

2. **Same.**

An employe, having elected to accept compensation under the Workmen's Compensation Act, may not, while retaining such compensation, maintain an action against a third person because of the injury for which he accepted and retained the compensation provided by statute.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by H. J. Kirby against Eagle-Picher Lead Company et al. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

John F. Goshorn, W. E. Foster, and C. J. Pinkston, for plaintiffs in error.

Hummer & Foster and R. E. Simpson, for defendant in error.

Opinion by LYONS, C. Kirby sued the plaintiffs in error to recover damages in the sum of $25,000 for personal injuries sustained by him while breaking a tee on a gas line. It is alleged that Kirby's injuries were primarily caused by the bursting of the line which hurled large pieces of iron against his leg below the knee, breaking it in several places, and that the bursting of the line was due to the negligence of the plaintiffs in error in failing to turn off the gas and gas pressure in the line, and in suffering and permitting Kirby to strike the tee while gas was being transported in the line.

At the time of the accident Kirby was an employe of the Nicholson Corporation, and was not an employe of the Eagle-Picher Lead Company. The jury rendered a verdict in favor of the plaintiff, against both of the defendants (plaintiffs in error here), for the sum of $2,000. Judgment was rendered thereon, and to reverse the judgment this appeal is prosecuted.

A number of assignments of error are urged, but in our view of the case it is necessary to discuss only one, that is the contention of the plaintiffs in error that a demurrer to the evidence should have been sustained for the reason that Kirby had accepted benefits given employes under the Workmen's Compensation Law, from his employer, Nicholson Corporation, or its insurer, and never offered to return the same until the trial, when he made a conditional tender. The contention, otherwise stated, is that Kirby had elected his remedy under the Workmen's Compensation Law, and had not at the time of the filing of the suit or the trial thereunder, in any case changed his status as to said election.

The defense of election of remedies was pleaded in the answer of the Eagle-Picher Lead Company, and also in the answer of Johnson, plaintiffs in error here, and an estoppel by reason thereof was set up.

Kirby filed a reply to these answers, denying each affirmative allegation alleged therein.

The testimony was that the injury took place on the 29th of June, 1922; that Kirby was in the hospital about 30 days; that he left the hospital July 29, 1922; that he filed his claim with the Industrial Commission of the state of Oklahoma under the Workmen's Compensation Law during that time; that he received checks for compensation about the middle of August, 1922, from the Nicholson Corporation, or its insurance carrier, and received another check four weeks later for $57.40; that he never cashed these checks, but kept them ten or eleven months, and that, according to his testimony, he returned them about a month before the trial to Massey & Company, the insurance carriers.

The suit was filed in the superior court of Okmulgee county January 9, 1923. The claim filed by Kirby is as follows:

"Employe's First Notice of Injury and Claim for Compensation. (Filed Aug. 7, 1922). Full name of Injured Employe: Harris Jesse Kirby. Address: Box 864, Kusa, Okla. Married or Single: Married. Age: 38. Number of Children: Three. Name of Employer: Nicholson Corp. Address: Kusa, Okla. Date of Accident: June 28, 1922, 6 A. M. Where did Accident occur? State: Oklahoma, County, Okmulgee, City County, ———— Street ———— Cause of Accident: Gas pipe blew out. Nature and Extent of Injury: Leg fractured in five places. Two compound fractures. Date quit work on account of injury: At once. Date returned to work: Have not returned to work. Returned to work at what wage? Are you likely to be disabled more than seven days? (careful answer must be given) Yes. Did you suffer loss of a member or loss of use of a member? A. Yes. If loss of use, is such loss temporary or permanent? Don't know. Have you notified your employer of the accident? Yes. (If not, you should notify him at once). If not, did your employer or his superintendent or foreman have knowledge of the accident? Yes. What was your average daily wage? $4. Were wages contracted to be paid on daily, weekly or monthly rate? Semi-monthly. Did you request your employer to furnish medical service? Yes. Has he done so? Yes. Name of attending physician: Dr. Ira W. Robertson, Henryetta. Address: Dr. J. H. Parell, Kusa, Signed this 1st day of August 1923, at Kusa, Oklahoma, (Injured employee making claim sign full name here). (Give address to which mail should be sent).

"Signed: Harris Jesse Kirby,
"Box 864, Kusa, Okla.

"This must be filled out by employe and mailed to State Industrial Commission.

"I do hereby certify that the above and foregoing is a true copy of the original claim now on file in my office.

"Witness my hand and official seal of said State Industrial Commission, this 16th day of October, 1923.

"M. C. Erbacher,
"(Seal)
"Secretary, State Industrial Commission."

An award was apparently made on this claim. Thereafter an order vacating the award was made, on September 8, 1923. This order is as follows:

"(Filed Sept. 8, 1923).

"Now on this ———— day of September, 1923, this matter comes on for hearing upon the election of remedies of H. J. Kirby, and it appearing that heretofore claim for compensation was filed herein on behalf of H. J. Kirby, and that an award was duly entered thereon, but that said H. J. Kirby has elected to file suit against the Eagle-Picher Lead Company and upon request of the claimant is ordered that the award heretofore entered be, and the same is hereby vacated, set aside and held for naught, and that this cause be stayed, pending the termination of the suit against Eagle-Picher Lead Company.

"Chairman of Commission.

"I do hereby certify that the above and foregoing is a true copy of the original order now on file in my office.

"Witness my hand and official seal of said State Industrial Commission this 16th day of October, 1923.

"M. C. Erbacher.
"(Seal)
"Secretary, State Industrial Commission."

Rule 10 of the State Industrial Commission, in force and effect at the time of the injury, is as follows:

"If a workman entitled to compensation be injured by the negligence of another not in the same employ as set out in section 18, article 2, chapter 246 of the Session Laws of 1915, the employe shall elect whether to take compensation under the Workmen's Compensation Act or pursue his remedy at common law against such other in the following manner:

"If he elects to take compensation he shall so notify the Commission and shall make assignment of his cause of action against such other person to the insurance carrier and if he elects to pursue his remedy against such other person causing injury, he shall in writing notify the Commission and the insurance carrier. In the event he fails to make such notification, the Commission will make no award against the insurance carrier for a deficiency if he recovers and collects less than what his compensation would have been under the Workmen's Compensation Act."

Further proceedings before the State Industrial Commission are as follows:

"Comes now the claimant and shows to the Commission that he received an injury while in the employ of the Nicholson Corporation on or about the 29th day of June, 1922, and filed his claim herein. Claimant shows to the Commission that he was injured by the negligence of the Eagle-Picher Lead Company, a corporation, and now elects to proceed against the Eagle-Picher Lead Company.

"H. J. Kirby, Claimant."

"Now on this 2nd day of October 1923, this cause comes on for consideration of the Commission and it appearing that the claimant herein while in the employ of the Nicholson Corporation on June 28, 1922, was accidentally injured by the negligence or wrong of another not in the same employ; and

"It further appearing that the plaintiff herein has elected to proceed against the Eagle-Picher Lead Company. It is ordered: That this cause be and the same is hereby stayed pending the termination of the suit against the Eagle-Picher Lead Company, through whose negligence or wrong the claimant alleges he was injured.

"It is further ordered: That the compromise of any such cause of action by the claimant herein shall be made only with the written approval of the Commission, or, in the event a judgment be rendered in such cause, that the amount collected be reported to the Commission by the claimant. * * *

"Now on this 10th day of October 1923, the attention of the Commission having been called to an error made in the order made on October 2, 1923, in the above entitled cause, and the Commission having examined the order and the records on file is of the opinion that said order should be amended to read as follows:

"It is ordered: That this cause be and the same is hereby vacated and the award stayed pending the termination of the suit against the Eagle-Picher Lead Company, through whose negligence or wrong the claimant alleges he was injured.

"It is ordered: That the aforementioned order be amended to conform to the above and that in all other respects the order heretofore mentioned be in full force and effect."

It was stipulated in the record by agreement of the parties that the Consolidated Underwriters, Nicholson Corporation's insurance carrier, paid the hospital for services it rendered to the plaintiff, and it was agreed by the parties that the doctor's bill rendered August 11, 1922, in the sum of $20, had been paid by the insurance carrier. The hospital bill amounted to $127.91. The plaintiff's counsel made the following offer in the record:

"The plaintiff in this case offers to show that such amounts as have been shown to have been paid by Nicholson Corporation's insurance carrier, for medical services and hospital fees and so forth, on account of the injury to this plaintiff, in case a judgment is secured by the plaintiff in the court, may be paid into court, and by the court ordered to be paid direct to the Consolidated Underwriters, for such insurance carriers, or the Nicholson Corporation, whichever may be entitled thereto, as reimbursement for such expenses; or that the defendant, in such event, may deduct such amounts from said judgment, and pay it direct to the party entitled thereto, and such party to file its receipt in place of that amount of money. We make this offer for the purpose of precluding any injury to this defendant by reason of what it claims was paid in plaintiff's behalf."

Under the situation presented here, was the plaintiff entitled to maintain this action in the superior court? It is said that the plaintiff did not know of his remedy against the defendants at the time of making application for an award by the State Industrial Commission, and that for that reason the doctrine of the election of remedies cannot apply. It must, however, be conceded that the plaintiff at the time of the making of subsequent orders by the Commission in his behalf, purporting to vacate the award, knew of his rights against the third party and contemplated a suit. With this in mind the plaintiff retained the following benefits received under the Workmen's Compensation Act: (a) Payment of hospital bills in the sum of $127.91. (b) Payment of doctor's bill in the sum of $20. (c) Compensation check in the sum of $57.40. (d) Compensation check in the sum of $57.40. The plaintiff made no effort to restore these benefits and so far as we are able to understand the transaction, attempted to pursue both his remedy under the Compensation Act and his suit in the superior court against a third person at the same time.

Upon the trial of the superior court case, being the instant action, it is true that he endeavored to avoid the effect of his acts by making what his counsel terms a conditional tender in that court.

The applicable rules of law are laid down by the prior decisions of this court in the case of Barton v. Oklahoma, K. & M. Ry. Co., 96 Okla. 119, 220 Pac. 929, the first three paragraphs of the syllabus of which are as follows:

"Section 7302, Comp. St. 1921, provides that, when a workman entitled to compensation under chapter 246, Session Laws 1915 known as the 'Workmen's Compensation Act, shall be injured by the negligence or wrong of another, not in the same employ, he shall elect whether to take compensation under

said act or pursue his remedy against such other.

."In the absence of any statutory provisions or rules of the State Industrial Commission, defining what shall constitute an election as provided for in section 7302, Comp. Stat. 1921, any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election (quoting Words and Phrases, First and Second Series, Election).

"Where a workman, while performing labor for his employer, who is subject to the Workmen's Compensation Act (chapter 246, Session Laws 1915), is injured by the wrongful acts and negligence of a third party, and files a claim for compensation with the State Industrial Commission, which results in an award being made to such claimant, does so without knowledge of his right against said third party, and upon gaining knowledge of said right, and before receiving any compensation under said order, petitions the said Commission to vacate said order and to dismiss his claim for compensation and where the Commission complies with said petition, held, such proceeding before the Commission does not in law constitute such an election to pursue his remedy under the Workmen's Compensation Act, as provided for in section 7302, Comp. St. 1921, as to constitute a bar to a subsequent proceeding against said third party, in the absence of circumstances creating an equitable estoppel, and an instruction so advising the jury is erroneous and constitutes reversible error (Quoting Words and Phrases, First and Second Series, Election)."

The case of Ridley v. United Sash & Door Company, 98 Okla. 80, 224 Pac. 351, in an able opinion by Commissioner Pinkham, further lays down the rule as follows:

"If a workman entitled to compensation under the Workmen's Compensation Act (chapter 56, Comp. St. 1921) be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before a suit or claim under the act, elect whether to take compensation under this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under said act. the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation.

"By the provisions of section 7302, Comp. St. 1921. an employe injured under such circumstances as to afford him a right to compensation as against his employer, and also to impose a liability in damages on a third person. has a right to elect to seek compensation or damages, but he cannot recover both damages and compensation.

"An employer or insurance carrier who has been compelled to pay compensation to an employe because of injury received from the negligence of a third person, may assign the right of action against such negligent third person, and, where such assignment is made by the employer to the injured employe, who thereupon sues upon said assignment, the limit of recovery is the amount for which employer was subrogated, together with legal interest thereupon from the date of subrogation."

The decision of the Supreme Court of the United States in the case of Dahn v. Davis, 60 L. Ed. 696, lays down the following rule:

"A railway mail clerk, in the government employ, having elected to accept compensation under the Federal Employers' Compensation Act of September 7, 1916, for injuries received by him on a railroad operated at the time by the Director General of Railroads under the Federal Control Act of March 21, 1918, may not prosecute a suit against that official for negligence causing the injury, for which he has been compensated."

We 'think, therefore, that under the admitted facts in this case plaintiff in this action was not qualified at the time of the trial to maintain an action in the superior court for the reason that he had elected to take the benefits of the compensation act and was retaining benefits of the compensation act at the same time.

It is plausibly suggested that he mailed back the compensation checks a month before the trial, after holding them for a year. This act does not show an evidence of intention to forego the benefits of the compensation act, since the plaintiff still retained the benefits accruing to him by the payment of the hospital and doctor bills. Further, the fact that he retained the compensation checks for a period of almost a year might be said to disclose an intention on his part during said time to avail himself of the benefits of the compensation law.

Many decisions are cited by both sides in this case on compensation statutes, which are not identical with our statute, and we do not deem it necessary to discuss these decisions. Under the decisions of this court and the applicable rules as to the election of remedies generally announced by the weight of authorities, it is clear that the plaintiff elected his remedy by retaining the benefits of the compensation law after he was fully advised of his rights and after he had filed suit against the third person who is alleged to have caused the injury. If he may retain a hospital and doctor's bill and a part of the compensation and still be deemed not to have elected his remedy,

at what point shall such an election take place?

It is our view that the plaintiff's action in this transaction operated under the statute as an equitable assignment of a cause of action to the insurance carrier, and that the plaintiff had no possible status as a party in the action and could not maintain the suit. Any other consideration tends to wreck the machinery of the Workmen's Compensation Act. and permits the employe to assert rights thereunder by claiming and receiving the benefits of the law and at the same time to disregard the law by asserting in his own right in another forum his claim which, according to the terms of the law, is no longer his, and the title to which has passed by an equitable assignment.

In order to effectuate the purposes of the statute it is our view that this transaction must be deemed to have operated as an election of remedies, and indeed the plaintiff is still at this time retaining the benefits of the compensation law.

We are not called upon in this case to decide what the rule would have been had it appeared that the plaintiff did not know of his rights against the third party at the time he received his award, and that upon learning of such rights he promptly disclaimed the benefits of the compensation law, and restored everything of value which he had received. Under such circumstances it might properly have been said he had not elected his remedy because he was ignorant of his rights. To permit him to say, however, that he received benefits in ignorance of his rights, and then permit him to invoke another remedy, whilst still retaining the benefits he received, is merely to play fast and loose with the statute and to disregard the plain and ordinary accepted doctrine of election of remedies.

It is further suggested that the defendant cannot be hurt because the defendant has suffered no detriment. The doctrine of the election of remedies as laid down in 9 Ruling Case Law, at page 956, is:

"An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. On this question the language of the Scottish law is sometimes used, that a man shall not be allowed to approbate and reprobate."

It is clear, therefore, that the plaintiff had elected to take the benefits of the compensation law and was enjoying such benefits at the time of the prosecution of this suit.

From what has been said it is apparent that plaintiff is not entitled to maintain the action under the facts disclosed, and the cause should be reversed and remanded for such proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.