## POTTER et al. v. PURE OIL CO.

No. 27926.   April 19, 1938.

J. Wrexel Spurr, J. Henry Weston, Geo. C. Crump, and H. W. Carver, for plaintiffs in error.

Thurman & Thurman and Joseph G. Rucks, for defendant in error.

RILEY, J. This is an appeal from an order sustaining a demurrer to plaintiffs' evidence and judgment dismissing their action.

The parties will be referred to as in the trial court.

On July 2, 1935, Eugene Potter then nine years old, the son of plaintiffs, lost his life by drowning in a water-circulating tank about 16 or 18 feet in diameter, and about eight feet in depth, kept and maintained by defendant and used in connection with the operation of an oil well on premises

leased and being operated by defendant. This action is to recover for the resulting damage, viz., alleged loss of services of the child, and by a second cause of action for funeral expenses.

The second amended petition, upon which the cause was tried, sought recovery under the so-called "attractive nuisance doctrine."

The pleader apparently had some difficulty in drafting his petition so as to bring the case within views of the trial judge as to requirements of "attractive nuisance doctrine."

Demurrers were sustained to the petition and first amended petition. In the second amended petition the pleading was so framed as to convince the trial court of the sufficiency of the allegations in that particular. The trial judge was apparently somewhat in doubt as to the soundness of some of the decisions of this court in applying the doctrine. This appears from the lengthy and rather caustic order overruling the demurrer.

The allegations of the petition are briefly summarized in the order as follows:

"Now, if there can be a case of attractive nuisance in this state, then plaintiff has alleged it. He says there was a tank of water on defendant's premises unguarded. That children were allowed to swim there. That a spring board or diving board was maintained and that all these were in convenient distance and plain view of the section line where people traveled and had a right to be. Now, when a small boy saw that equipment he felt an invitation to enjoy the water which was specially equipped for his convenience and pleasure. In his immature judgment and under our authorities. he was an invitee. I can think of no stronger case. However. I shall require strict proof of all these facts before I submit it to the ordinarily sympathetic jury."

Plaintiffs contend that the trial court erred in sustaining the demurrer to their evidence, while defendant contends that the petition, as thus amended, fails to state a cause of action under the so-called doctrine. and as stoutly contends that plaintiffs failed to produce sufficient evidence to bring the case within the doctrine or even to sustain the allegations made, and further contend that the petition and proof were fatally defective in another particular, in that the petition as amended and the evidence of plaintiff both wholly failed to show that the deceased, Eugene Potter, was at the time of his death a nonresident of the state of Oklahoma, or that no administrator of his estate had been appointed so as to entitle the plaintiffs as next of kin to maintain the action under the provisions of sections 570 and 571, O. S. 1931.

If the defendants are right in this latter contention, it is useless to discuss the question of whether plaintiffs produced sufficient evidence to sustain the general allegations of the amended petition.

Examination of the record will disclose that the amended petition alleges that plaintiffs are residents of Seminole county, Okla. The evidence shows that at the time the son lost his life plaintiffs resided on land adjoining the lease where the tank was located. That the father was at the time working in Kansas. There was no allegation and no proof that no personal representative of the deceased was or had been appointed.

It is now, and has been for a long time. the well established rule in this state that in order to maintain an action of this nature, where the deceased was a resident of the state, it is essential (1) to allege, and (2) to prove. unless it be admitted. that there is no administrator. It was so held in Oklahoma City v. Richardson, 180 Okla. 314, 69 P.2d 334, and White v. McGee, 157 Okla. 204, 11 P.2d 924.

The above cases are cases where allegations of nonappointment of administrator were put in issue, but no evidence to sustain same was adduced.

In Frederick Cotton Oil & Mfg. Co. v. Clay, 50 Okla. 123, 150 P. 451, it is held:

"Under sections 5945, 5946, Comp. Laws 1909 (sections 5281, 5282, Rev. Laws 1910), where the widow sues to recover damages for herself and minor children for the wrongful act or omission of another, and fails to state in her petition that the deceased, at the time of his death, was a nonresident of the state of Oklahoma, or that he was a resident, and no personal representative had been appointed, it is error to overrule a demurrer alleging that the petition does not state facts sufficient to constitute a cause of action." (Sections 5281 and 5282. Rev. L. 1910, were the same as sections 570 and 571, O. S. 1931.)

Therein it is pointed out that the above sections of our statute were brought verbatim from the state of Kansas, and in Kansas there was construction prior to adoption.

The City of Eureka v. Merrifield et ux., 53 Kan. 794. 37 P. 115, is a case directly involving the point in question, and was an action brought by the parents of a minor child whose death was alleged to have been caused by the negligence of the city. It is there held:

"Under the provisions of sections 422 and 422a of the Civil Code (Gen. St. 1889), before the next of kin of a deceased, whose death is caused by the wrongful act or omission of another, can maintain an action for damages in the place of the personal representative of the deceased, the petition must allege that the deceased, at the time of his death, was a nonresident of this state, or, if a resident of this state, that no personal representative of his estate has been appointed."

Plaintiffs in reply suggest that this is new matter. The demurrer of defendant to plaintiffs' evidence does not specifically present the question. The order of the court sustaining the demurrer does not specify upon what particular ground, if any, the ruling was based. That was the exact situation in the Richardson Case, supra. It would, of course, have been better practice for the trial court to have required defendant to state with more particularity what essential fact or facts plaintiffs had failed to prove before passing upon the demurrer. But in the Richardson Case, supra, it is said:

"It is true a party objecting should be specific and certain, * * * but we are further of the opinion that if the trial court is content to rule upon a general demurrer to the evidence or motion for directed verdict, without requiring the reasons to be stated, and the other party is likewise content, this court is bound to pass upon any issue in the case which reasonably may be said to be within the scope of the demurrer or motion."

Finally, plaintiffs assert that this is not in fact an action for the wrongful death of the child, but is an action for the loss of services of the child from the date of his death until he would have become 21 years of age, and that the action is maintainable at common law. In this connection plaintiffs cite the statutory provision to the effect that the father of a legitimate, unmarried child is entitled to its custody, services, and earnings, etc., section 5, ch. 1, title 10, Okla. Stats. Ann., sec. 1685, O. S. 1931.

A similar contention was made in City of Eureka v. Merrifield, supra, to meet the same defect in the pleading and proof. The contention there made was not sustained by the court. Therein is quoted with approval from Mobile Life Ins. Co. v. Brame, 95 U. S. 754, the following:

"The authorities are so numerous and so uniform to the proposition that, by the common law, no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the state courts, and no deliberate, well considered decision to the contrary is to be found."

In City of Eureka v. Merrifield, supra, it is said:

"It is suggested that the action was brought to recover for the damages the parents sustained by reason of the loss of anticipated services that might have been rendered to them by the deceased up to his majority, and, therefore, that this action is maintainable by them. At common law this action could not be maintained."

There being no right of action at common law, it follows that there can be no cause of action unless the right be given by statute. In the case of McCarthy v. R. R. Co., 18 Kan. 46, it is said:

"The right of the action under section 422 (the same as our section 570, O. S. 1931) is exclusive."

There is, as stated, authority for holding that a parent may under our statute recover for services of his child, or loss thereof, while living. But we are cited to no case which holds that there is a right of action given by statute where the loss of such services is brought about by the death of a minor child caused by the wrongful act of another, other than by sections 570, 571, O. S. 1931.

The judgment of the trial court must, therefore, be affirmed without regard to whether the attractive nuisance doctrine is applicable and without regard to the extent or lack of proof on that issue.

Judgment affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.