## MARYLAND CASUALTY CO. v. PATON et al.

### No. 12937.

United States Court of Appeals
Ninth Circuit.

Feb. 11, 1952.

766

Cake, Jaureguy & Tooze, Dwight L. Schwab, Denton G. Burdick, Jr., Lamar Tooze, Jr., Portland, Or., for appellant.

Senn, Recken & Recken, L. A. Recken, Portland, Or., for appellees.

Before STEPHENS, HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

James Buie, an employee of James T. Moore, doing business in California, was killed instantly on an Oregon highway when his automobile collided with a truck driven by a servant of the appellees, who are citizens of California. Although Buie's work as a traveling salesman for Moore was exclusively in the State of Oregon, yet because of his employment for a California employer his wife was entitled under the California Workmen's Compensation Act, Labor Code, § 3201 et seq., to compensation which was awarded by the California Industrial Accident Commission. The award of $6300 was paid by Maryland Casualty Company, appellant here, a Maryland Corporation, which then brought this action in the United States District Court for the District of Oregon, against the defendants-appellees. Following defendant's motion to dismiss and for summary judgment an agreed statement of facts was incorporated in a pre-trial order [1] upon the basis of which both motions were sustained and judgment for defendants entered accordingly.

Appellant argues that there are two grounds on which it was entitled to proceed to trial upon the question of the negligence of appellees' servant. The first is that it was entitled to recover under the Industrial Accident provisions of the California Labor Code.[2] Both parties agree that if the

[1] The pre-trial order dealt with issues other than the questions of negligence and culpability, disposition of which was reserved for the trial.

[2] Cal. Labor Code, § 3852: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover

accident had occurred in California, the appellant insurance carrier could have maintained the action.

In response to appellee's contention that the California statute could not operate extra-territorially to create a cause of action because of acts done or performed in the State of Oregon, appellant argues that if this action had been brought in an Oregon state court, that court's obligation to give full faith and credit to the public acts of California would have led it to enforce the latter's statute authorizing an action of this kind. In support of its view, appellant cites cases in which an employee, covered by workmen's compensation in state A, has received injuries in state B. When the employee brought an action in state B against the third person charged with negligently causing the injuries, the court in state B recognized defenses based upon the provisions of the compensation act of state A, which provided that the employer or his insurance carrier alone could sue the third person. Sloan v. Appalachian Electric Power Co., D.C.W.Va., 27 F.Supp. 108; Biddy v. Blue Bird Air Service, 374 Ill. 506, 30 N.E.2d 14.

On the other hand appellee cites Personius v. Asbury Transportation Co., 152 Or. 286, 53 P.2d 1065, 1075, dealing with a similar state of facts. The employee, hired in Idaho, was injured by defendant's truck in Oregon; he received compensation in Idaho, under the Idaho Act, which granted the employer the right to sue a third person in such circumstances. The defendant attempted to plead by way of defense in the Oregon court, this Idaho statutory provision. The court said: "It may be conceded for the purposes of this opinion that the state of Idaho 'has power to forbid its own courts to give any other form of relief for such injury' than prescribed by its Workmen's Compensation Act. * * * The prohibition imposed on the Idaho courts has no extraterritorial effect on the courts of this state."

The cases upon which appellant relies are not in point here. They deal with what would constitute a clear cause of action in state B, but hold that by reason of the employment contract in state A, of which the compensation act of state A is a part, the cause of action belongs to the employer. The court simply gave effect to the employment contract. Cf. Bradford Elec. Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L. Ed. 1026.

■ Here, however, the question is not whether the appellant insurance carrier may enforce a cause of action clearly arising in Oregon. It is whether a cause of action wholly unknown to Oregon law, may nevertheless be enforced there because the defendants violated some duty created by a California statute. In this portion of its argument appellant disclaims any right to enforce a cause of action created by Oregon law. That state has a wrongful death statute [3] permitting recovery, up to $10,000, by the personal representative, primarily for the benefit of the widow and dependents of the decedent. A two year limitation applicable to such actions had expired before the instant action was filed. Appel-

in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

§ 5305: "The commission has jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this State in those cases where the injured employee is a resident of this State at the time of the injury and the contract of hire was made in this State. Any such employee or his dependents shall be entitled to the compensation or death benefits provided by this division."

§ 3850 recites that "'Employer' includes insurer as defined in this division."

3. § 8–903, O.C.L.A.—"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former for the benefit of the widow or widower and dependents and in case there is no widow or widower, or surviving dependents, then for the benefit of the estate of the deceased may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $10,000."

lant does not claim subrogation to any right of Buie, or of his estate. It asserts that under the California statute its right is a separate and distinct one,—a new cause of action created for the employer, or his insurance carrier.[4]

We are unable to perceive how the California statute can be said to add to the consequences of the negligent operation of a truck on an Oregon highway. It seems clear that had this action been brought in a California court, such court would have held that the statute was not intended to apply to acts done outside the state.[5]

Appellant's second contention is that under common law principles the defendants-appellees were liable, either to the plaintiff-appellant, or to the employer, and that if the liability be to the latter, the appellant is subrogated to his action. It calls this a "common law doctrine of indemnity". Principal reliance is upon the case of Staples v. Central Surety & Ins. Corporation, 10 Cir., 62 F.2d 650. The facts there were very similar to those here. The court said, 62 F.2d at page 653: "It is a well-recognized rule, supported by a great weight of authority, that, where one has been subjected to liability, and has suffered loss thereby, on account of the negligence or wrongful act of another, the one has a right of action against the other for indemnity."

■ In Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co., 4 Cir., 115 F.2d 277, the facts were like those here and in the Staples case, supra, except that the employer, having itself paid the workmen's compensation award, sued the defendant which it charged with negligently causing the employee's death. That court considered at length the same arguments made here, and those sustained in the Staples case.[6] In

dealing with the contention that liability could be predicated upon a "principle of indemnity", the court referred to § 76 of the Restatement of Restitution for a broad definition of indemnity, as follows: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." The court stated its summary of this principle as follows, 115 F.2d at page 282: "Not only must a benefit be conferred upon the defendant by a discharge of his duty or obligation, but the discharge must have occurred under circumstances in which the plaintiff was, at the same time, discharging a personal obligation coextensive with that of the defendant.

"We think that there is no factual basis here which justifies indemnification."

We agree with that statement. We note that the principle of indemnity, in the language of the Restatement, applies to a person who has discharged "a duty which is owed by him but which as between himself and another *should have been discharged by the other*." (Emphasis added)

Appellant's duty here was to pay the compensation owed by the employer under the California Act. By no stretch of reasoning can it be said that such duty "should have been discharged" by these appellees. Whatever duty they owed, assuredly it was not that.

The Staples case, however, proceeded to place its conclusion upon a further, more general ground. It said: "The negligence of appellants directly resulted in a financial loss to appellee; under elementary principles of the law of torts, recovery may be had therefor." Of a similar argument

4. City of Los Angeles v. Howard, 80 Cal. App.2d 728, 182 P.2d 278; Limited Mutual Compensation Insurance Co. v. Billings, 74 Cal.App.2d 881, 169 P.2d 673.

5. Thus the California statute (Labor Code, § 5305), expressly grants the Industrial Accident Commission jurisdiction to award compensation to an employee injured outside the state, when the contract of hire was made in the state; but there is no indication of any legislative

intent to give the provision for recovery by employer or insurer (see note 2, supra), any operation outside California.

6. It also considered an additional argument, namely, that the plaintiff was subrogated to its employee's right of action. Such contention is not made here, for the action under the Oregon wrongful death statute is admittedly barred by the statute of limitations.

made in the Crab Orchard case, supra, the court said, 115 F.2d at page 283: "Appellant proceeds upon the final theory that appellee breached a legal duty owed to appellant, and that this breach is actionable. This theory predicates appellee's liability to the appellant on the ordinary principle of tort-liability—that appellee's negligence was the proximate cause, in a chain of causation, resulting in damage to the appellant. The courts, however, have quite uniformly treated such damages as too remote and too indirect to support a recovery.[7] * * * No legal duty is here owed by the tortfeasor to the employer."

Two other cases should be noted. One, cited and relied upon by appellant, is Travelers' Ins. Co. v. Great Lakes Engineering W., 6 Cir., 184 F. 426, 431. There the defendant Engineering Company had installed a defective steam engine in the employer's plant. It blew up and killed one employee and injured another. The plaintiff which had insured against the employer's liability sued to recover what it had paid to settle the claim against the employer, and for its expenses of litigation. Its insurance policy expressly provided that it should be subrogated to the employer's right to recover. The opinion makes it plain that the court approached the case as if the defendant installer of the engine was an agent of the employer. In this connection the court said: "The rule of law is likewise general that where a principal or employer is not in fault, but has nevertheless been compelled to pay damages to a third person for the negligence of his agent or employé, he may maintain an action over against such servant or employé to recover what he has been compelled to pay." [8]

It is also to be noted that there was a contractual relationship between the Engineering Company and the employer out of which a duty could arise. Such a feature is absent here.

Jones v. Waterman S. S. Corporation, 3 Cir., 155 F.2d 992, 1000, held, one judge dissenting, that the ship-owner employer held liable to a seaman for maintenance, cure and wages, might recover its expenditures for such purposes from a railroad company operating a track upon a pier when the company's negligence caused the seaman's injuries. The court's holding of a liability, purportedly an application of the law of Pennsylvania, was based upon its holding that "the relationship of the ship owner to the seaman is more closely analogous to that of father and child than to that of an employer to a mere employee". The court placed reliance upon United States v. Standard Oil Co., D.C.S.D.Cal., 60 F. Supp. 807, in which a similar comparison was made with respect to the relation of the United States to a soldier.

But in Standard Oil Co. v. United States, 153 F.2d 958, affirmed on other grounds in 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, this court reversed the case last cited. Relying upon Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co., supra, and The Federal No. 2, supra, note 7, and referring to the rule of Restatement of Restitution § 76, it held that the United States was not entitled to indemnification against a third party tortfeasor on account of what it had expended for medical care and hospitalization of the soldier and his pay during the period of his incapacity.[9]

Under the circumstances we do not regard the case of Jones v. Waterman S. S. Corp., supra as authority here.

 It is our view that what was said in the Crab Orchard case, supra, is an accu-

---

7. Here the court cited Insurance Co. v. Brame, 95 U.S. 754, 758, 24 L.Ed. 580; The Federal No. 2, 2 Cir., 21 F.2d 313; Connecticut Mutual Life Ins. Co. v. New York & N. H. Ry. Co., 25 Conn. 265, 65 Am.Dec. 571.

8. The opinion in Crab Orchard Imp. Co. v. Chesapeake & O. Ry. Co., supra, says of this case: "That case, we think, was really decided on principles of agency;

but, insofar as it supports the application of the doctrine of subrogation to the factual situation under discussion we do not feel obliged to follow it."

9. An examination of City of Philadelphia v. Philadelphia Rapid Transit Co., 337 Pa. 1, 10 A.2d 434, not cited by the Third Circuit in the Jones case, supra, would suggest that that court may have mistaken the state of the law in Pennsylvania.

rate statement of the rule which the courts generally have followed in defining the limits of legal duty. The question upon which the Staples and the Crab Orchard cases have thus differed does not appear to have been passed upon or discussed in the Oregon cases. We therefore conclude, in accordance with what appears to be the better rule, that defendants-appellees owed no duty to this appellant.

The judgment is affirmed.