**LEE WAY MOTOR FREIGHT, Inc.,**
Appellant,

v.

**YELLOW TRANSIT FREIGHT LINES,**
Inc., Appellee.

No. 5609.

United States Court of Appeals
Tenth Circuit.

Dec. 10, 1957.

98

Duke Duvall, Oklahoma City, Okl. (Duvall & Head, Oklahoma City, Okl., on the brief), for appellant.

Clayton B. Pierce, Oklahoma City, Okl. (Pierce, Mock & Duncan, Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, a self-insured employer under the Oklahoma Workmen's Compensation Act, brought this action to recover the amount of death benefits that it was required to pay the dependents of an employee who was killed in the course of his employment, by the sole negligence of the defendant. This is an appeal from a judgment in favor of the defendant.

The facts are not in dispute. The defendant paid $33,000 to the Administratrix of the Estate of the deceased employee in settlement of a claim for the wrongful death of the employee. The Oklahoma Workmen's Compensation Act (85 Okl.St.Ann. § 22), required the plaintiff to pay $13,500 death benefits to the dependents, which was an amount in addition to the money recovered from the defendant. Plaintiff's theory for the recovery of the compensation award is that such payment was the direct result of the defendant's negligence, and therefore plaintiff is entitled to be indemnified. Plaintiff says that when a party is compelled to pay damages because of the negligent or tortious act of another, he has a common law right of action in indemnity. 23 Okl.St.Ann. § 3; 27 Am. Jur., Indemnity, § 18; 42 C.J.S. Indemnity § 21, are cited to support this.

Title 85 Okl.St.Ann. § 44(a), provides that when a workman, entitled to compensation under the Oklahoma Act, is injured by the negligence or wrong of another not in the same employ, the injured workman may elect to take compensation under the Act or pursue his remedies against the negligent third party. If he elects to take compensation under the Act, the insurance carrier or the self-insured employer shall be assigned the injured workman's claim to the extent of the compensation received. The purpose of this section is to prevent a double recovery by the injured employee. DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816; Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203; Eagle-Picher Lead Co. v. Kirby, 109 Okl. 96, 235 P. 176; Ridley v. United Sash & Door Co., 98 Okl. 80, 224 P. 351. Section

44(b),[1] however, specifically provides that there shall be no subrogation to recover money paid by the employer or his insurance carrier as death benefits under the Act. It is conceded that a self-insured employer or insurance carrier is not subrogated to the rights of the dependents of a deceased employee, and therefore cannot recover upon that theory. Updike Advertising System v. State Industrial Commission, Okl., 282 P.2d 759; New State Ice Co. v. Morris, Okl., 285 P.2d 855.

■■ The Updike case held that the obligation to pay the death benefit as required by the Act is in the nature of accidental death insurance. The court said: " * * * the employer must insure against loss, and the insurance company who contracts to pay is in the same position as an insurance company insuring the life of an individual or insuring against accidental injury to an individual. There would be no subrogation without statutory provision." [282 P.2d 763.] It was further stated: " * * * the liability is not imposed upon the employer by reason of the negligence of third parties but is imposed regardless of negligence of anybody, whether the negligence of the employer himself or a third party, when an employee is killed in an accident arising out of and in the course of an employment covered by the act, and is in the nature of insurance. * * * ". See also New State Ice Co. v. Morris, supra. The law is well established that a life insurer cannot maintain an action against a person causing the death of the insured. Mobile Life Ins. Co. v. Brame, 95 U.S. 754, 24 L.Ed. 580; Connecticut Mutual Life Ins. Co. v. New York & New Haven R. Co., 1865, 25 Conn. 265; Couch on Insurance, § 2024.

Cf. Anthony v. Slaid, 1846, 11 Metc., Mass., 290. See also Maryland Casualty Co. v. Paton, 9 Cir., 194 F.2d 765; Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co., 4 Cir., 115 F.2d 277, certiorari denied 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135. It is an equally well established principle that, as there was no common law right to recover damages for the death of another, a cause of action for wrongful death must arise out of statutory provisions. Restatement, Torts, § 925; E. G. Nicholas Const. Co. v. State Industrial Commission, 207 Okl. 428, 250 P.2d 221; see Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134; Potter v. Pure Oil Co., 182 Okl. 509, 78 P.2d 694; Shawnee Gas & Electric Co. v. Motesenbocker, 41 Okl. 454, 138 P. 790; Missouri, K. & T. Ry. Co. v. Lenahan, 39 Okl. 283, 135 P. 383; Western Union Telegraph Co. v. Choteau, 28 Okl. 664, 115 P. 879, 49 L.R.A.,N.S., 206.

■ But plaintiff argues that it has a right to be *indemnified* for the money it had to pay because of the wrongful death of the employee, independent of subrogation. Indemnity is a right which enures to a person who has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other. It implies a primary liability in one person, although a second person is also liable to a third party. Some benefit must have accrued to the indemnitor, the person primarily liable. Restatement, Restitution, § 76; Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368; Thomas v. Malco Refineries, Inc., 10 Cir., 214 F.2d 884; United States v. Acord, 10 Cir., 209 F.2d 709, 715;[2]

1. Title 85 Okl.St.Ann. § 44(b) provides:
   "There shall be no subrogation to recover money paid by the employer of (sic) his insurance carrier for death claims or death benefits under this Act from third (3d) persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no death claim or death benefits under this Act."

2. In United States v. Acord, the court quoted from Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 370, 24 A.L.R.2d 319, as follows:
   " ' * * * The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made re-

certiorari denied 347 U.S. 975, 74 S.Ct. 786; 98 L.Ed. 1115; Maryland Casualty Co. v. Paton, supra; American District Telegraph Co. v. Kittleson, 8 Cir., 179 F.2d 946; Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co., supra; George's Radio, Inc., v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219. The defendant in the instant case settled its primary obligation for negligence and there was no liability on its part, either primarily or secondarily, to pay any compensation award. Under the Oklahoma law, the self-insured employer or the insurance carrier is solely liable for such awards which are to be paid without regard to the cause of the injury.[3] 85 Okl. St.Ann. § 11, § 12. We think the essential elements necessary to sustain an action for indemnity are lacking.

■ The contention that plaintiff is entitled to recover because the defendant, by its negligence, breached a legal duty

owed plaintiff, is without merit. The substance of this contention is that without defendant's negligent acts the plaintiff would not have been required to pay the award. This, of course, is true in the insurance cases heretofore cited, where recovery is denied. The liability of a self-insured employer in Oklahoma is fixed by statute, while an insurer assumes its liability by contract. When, in either case, a death benefit is paid, an obligation of the employer or its insurer is discharged, not that of another. Updike Advertising System v. State Industrial Commission, supra. Furthermore, it has generally been held that damages such as claimed here, in the absence of an intent to injure or damage a third party, are too remote from the negligent act to be recovered from the tortfeasor. Crab Orchard Improvement Co. v. Chesapeake & O. Ry. Co., supra, and cases cited, 115 F.2d at pages 282–283;[4]

sponsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. * * * But the important point to be noted in all the cases in that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous. condition caused by the act of the one primarily responsible. * *' "

Following this case, we said in Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 10 Cir., 215 F.2d 368, 370: " * * * Indemnity thus turns on the kind and character, not the comparative degree of negligence which caused the injury. And, it necessarily arises out of an independent legal relationship, under which the indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe to the injured party."

3. In speaking of the liability of the employer when an employee has been killed by the negligent act of another, the court said in Updike Advertising System v.

State Industrial Commission, Okl., 282 P. 2d 759, 764: " * * * for by paying the death benefit he does not discharge the obligation of another for the protection of his own rights; he is bound to pay the death benefit regardless of whether the death may have been caused in whole or in part by the wrongful act of another; he is absolutely bound to pay the death benefit when an accidental death of an employee arises out of and in the course of an employment covered by the Workmen's Compensation Law."

4. Insurance Co. v. Brame, 95 U.S. 754, 24 L.Ed. 580, is a leading case on the right to recover in cases such as this. There the insurance company sought to recover from a person causing the death of a policy holder, the amount it was required to pay on the policy. The court, in denying recovery, said at pages 758–759 of 95 U.S.:

" * * * The relation between the insurance company and McLemore, the deceased, was created by a contract between them, to which Brame was not a party. The injury inflicted by him was upon McLemore, against his personal rights; that it happened to injure the plaintiff was an incidental circumstance, a remote and indirect result, not necessarily or legitimately resulting from the act of killing. As in Rockingham [Mutual Fire] Insurance Co. v. M[B]osher, 39 Me. 253, where an insurance compa-

Standard Oil Co. of California v. United States, 9 Cir., 153 F.2d 958, affirmed 332 U.S. 301, 303, 67 S.Ct. 1604, 91 L.Ed. 2067; United States v. Atlantic Coast Line R. Co., D.C.E.D.N.C.1946, 64 F. Supp. 289. Harper Interference with Contractual Relations, 47 Northw.L.Rev. 873, and Restatement, Torts, § 280, deal with intent necessary to create a cause of action.

The decisions in Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650, and Stinchcomb v. Dodson, 190 Okl. 643, 126 P.2d 257, do not control. These cases were not concerned with death benefits, and involved the right to recover the amount of compensation awards made for injuries to an employee caused by the negligent third parties without statutory assignment. In the Staples case the court, in holding that the employer was entitled to be indemnified independent of the statute, used the terms "subrogation", and "indemnity", interchangeably throughout the opinion.[5] In Stinchcomb, the Oklahoma court, while adopting Staples, did so on the basis that the cause of action resulted from subrogation, not indemnity. Referring to the Staples case it was said that it "held that independent of the provisions of 85 O.S.1941, § 44, the insurance carrier was authorized to maintain the action under the doctrine of subrogation." [190 Okl. 643, 126 P.2d 259.] The court concluded its decision by stating: "We therefore hold that independent of any provision in the Workmen's Compensation Law, said in-

surer was subrogated to the claim of the injured workman as against the defendant tortfeasor whose negligence was responsible for the injuries sustained by the employee * * *."

Moreover, we think that what was said in the Updike case and the cases following it, makes it quite clear that in Oklahoma, an employer or its insurance carrier cannot recover the death benefits from a negligent third person. Updike Advertising System v. State Industrial Commission, supra; New State Ice Co. v. Morris, supra; Meadow Gold Dairy Products Co. v. Conly, Okl., 288 P.2d 1115. See also: Standard Roofing & Material Co. v. Chas. M. Dunning Const. Co., 10 Cir., 224 F.2d 449.

Affirmed.

MURRAH, Circuit Judge (dissenting).

I am convinced that Staples and Stinchcomb sustain the asserted right of action, and that Updike and New State do not take it away. It is true that both Staples and Stinchcomb speak of the right of action as for subrogation or indemnity, and apparently use those terms interchangeably or synonymously. But, in neither of the cases was the asserted action in the nature of true subrogation. The employer did not seek to stand in the shoes of his employee, and in each case the court sustained the independently asserted right of action on the "well-recognized rule, supported by a great weight of authority, that, where one has been subjected to liability, and has suffered

---

ny brought suit against one who had wilfully fired a store upon which it had a policy of insurance, which it was thereby compelled to pay, it was held that the loss was remote and indirect, and that the action could not be sustained. * * Some text-writers are referred to as holding a different view, but we are not cited to any case in this country or Great Britain where a different doctrine has been held."

5. For example it was said: "Appellee, having paid the award pursuant to its contract of insurance with Bush, is subrogated to the rights of Bush against appellants, and this right of subrogation

does not rest upon any relation of contract or privity between the insurer and the insured. * * *

"Upon this settled principle, it is clear that Bush, having been subjected to liability to his employee, Gougler, under the Compensation Law, as a result of the negligence of appellants, had a cause of action, in his own right, for indemnity against appellants, at common law entirely independent of any provisions of the Compensation Law. * * * And the appellee, having discharged Bush's liability to Gougler, pursuant to its contract of insurance, is subrogated to Bush's right against appellants." [62 F. 2d 652.]

loss thereby, on account of the negligence or wrongful act of another, the one has a right of action against the other for indemnity. * * * and this is no less the rule where the liability imposed is statutory." Staples v. Central Surety & Ins. Corp., 62 F.2d at page 653. The authorities cited in support of that proposition were not subrogation cases. On the contrary, they each sustained an independent right of action in behalf of one who was absolutely or passively liable for a loss against one whose primary or active negligence brought about such loss. Surely rights of action should not be made to depend upon nomenclature.

The Fourth Circuit in the Crab Orchard case, and the Ninth Circuit in the Maryland Casualty Company case, recognized and acknowledged that Staples sustained the action asserted there and here. Those cases simply disagreed with the Staples case on the grounds that the relationship between the employer who paid the loss imposed by law and the negligent third party who caused it, was too remote to raise an actionable duty on which the law of negligence could operate. It is perhaps more accurate to say that those courts were concerned with applicable and controlling state law. They were not bound by the Staples case. Here, however, the Oklahoma Court in Stinchcomb adopted the Staples case under indistinguishable facts involving Oklahoma law, and the law of that State is of course binding here. True, those cases involved a personal injury for which scheduled compensation was paid, and for which subrogation was expressly granted by statute. But the asserted independent right of action was sustained quite apart from the statute. Here, the subsequently enacted death benefit provisions of the Workmen's Compensation Act are involved. But there is no valid distinction between the provisions with respect to the personal injury and death benefits since, in neither case, is the asserted right of action derivative of the employee's right.

The question presented here was neither presented nor decided in Updike or New State. In those cases, the employer or insurance carrier sought to have the amount paid by the negligent third party in settlement of the employee's claim credited against the death benefits payable under the Oklahoma Workmen's Compensation Act. Treating the matter as for subrogation and as against the contention that to allow the employee to have both would amount to double recovery, the Oklahoma court held that the death benefits conferred by the Oklahoma Workmen's Compensation law were in addition to an independent right of action against the negligent third party. This is so, reasoned the Oklahoma Court, because the death benefits are in the nature of accident insurance. It had no occasion to decide whether the employer has an independent right of action against the negligent third party for losses imposed upon him by law, resulting directly from the third party's negligence.

Aside from the inapplicable theory of subrogation, the only suggested basis for rejecting the asserted right of action is that it is too remote or is only an incidental and indirect result of the negligence, hence an interest which the law does not protect. For that my brothers lean on the old Brame case which denied a right of action to a life insurance company for the wrongful death of its insured on the theory that there was no relationship between the negligent third party and the insurance company which would give rise to an actionable duty; and for the further reason that the law was loath to put a price upon human life. The answer to that objection in this modern day is, I think, that the loss in this case is liquidated—it is imposed by public law—it is a part and parcel of our social order. For my part, I can find no good reason for not extending the rule of negligence to losses of this kind. We need only say that it is within the range of foreseeability or proximate cause—an interest which the law should protect. Indeed, it is not strange or novel to say that "one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no

matter whether contractual relations existed between them or not", McFall v. Compagnie Maritime Belge (Lloyd Royal) S.A., 304 N.Y. 314, 107 N.E.2d 463, 472, quoting Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 134 N.Y. 461, 31 N.E. 987; or that an "actively negligent tortfeasor * * * is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act." States S.S. Co. v. Rothschild International Stevedoring Co., 9 Cir., 205 F.2d 253, 256. See also "Remoteness and Duty: The Control Devices in Liability for Negligence," 31 Canadian Bar Rev., May 1953, pp. 471–502; "Scope of Duty in Negligence Cases", 47 Northwestern University Law Rev., Jan.-Feb. 1953, pp. 778–816. Staples and Stinchcomb are in consonance with this modern concept of tort liability and I would not hesitate to follow them.