## STATE INSURANCE FUND v. SMITH et al.

No. 28710.    March 7, 1939.

Rehearing Denied April 4, 1939.

Rolland O. Wilson, for petitioner.

John T. Cooper and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The State Insurance Fund, as petitioner, has instituted this proceeding to obtain a review of an award made by the State Industrial Commission on May 26, 1938, and amended June 20, 1938, in favor of W. H. Smith, respondent. The parties will hereafter be referred to as petitioner and respondent. The respondent, while in the employ of his brother, L. D. Smith, sustained an accidental personal injury on March 16, 1935, and as a result thereof was rendered mentally incompetent and physically unable to transact any business. On September 10, 1936, the respondent, through his attorney, filed with the State Industrial Com-

mission a claim for compensation, and the petitioner as a defense thereto pleaded the bar of the statute in limitation of such claim (section 13367, O. S. 1931, as amended by section 4, chapter 29, S. L. 1933). The respondent thereupon invoked the provisions of section 13399, O. S. 1931, 85 Okla. St. Ann. sec. 106, to excuse his failure to file the claim within one year after the injury. On February 27, 1937, the respondent was adjudged to be an incompetent and a guardian was appointed to represent him. Thereafter, on April 26, 1937, the State Industrial Commission, after hearing the evidence offered by the respective parties, denied his claim to compensation for the assigned reason that the respondent was engaged in a nonhazardous employment at the time he was injured. The guardian thereupon instituted a proceeding in this court to obtain a review of the aforesaid order, and upon consideration thereof we vacated the said order, with directions. See Smith v. State Industrial Commission, 182 Okla. 433, 78 P.2d 288. The opinion in said cause was promulgated on March 8, 1938, but the issuance of the mandate was delayed pending disposition of the petition for rehearing, which was denied April 5, 1938, and application for leave to file second petition for rehearing, which was denied April 17, 1938. Upon receipt of the mandate the State Industrial Commission set aside its former order and reinstated the cause upon its docket. The petitioner thereupon undertook to defend the action independently of the employer rather than in his behalf and to this end filed with the commission what is termed its separate answer, wherein it asserted nonliability upon eleven grounds. The respondent was likewise permitted to amend his claim so as to show that it was also being prosecuted by his guardian and also with respect to the item of average daily wage. Upon the conclusion of further hearings the commission found, in substance, that the respondent had sustained an accidental personal injury compensable under the Workmen's Compensation Act (O. S. 1931, sec. 13348 et seq., as amended, 85 Okla. St. Ann. sec. 1 et seq.) and which had resulted in a total permanent disability, and that his average daily wage was $5, and thereupon awarded compensation at the rate of $18 per week for a period not to exceed 500 weeks. This order was amended on June 20, 1938, in certain respects which are not material. The petitioner in its original brief discusses only one proposition, which, in substance, is that the respondent was injured by the negligence or wrong of another not in the same employment and that hence he had to make an election in the manner required by section 13368, O. S. 1931, 85 Okla. St. Ann. sec. 44, which provides:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

The contention of petitioner in this connection, succinctly stated, is that the claim had to be filed with the commission by someone competent to do so; that the respondent being an incompetent at the time he filed the claim, it was ineffective for any purpose; that the guardian was the only person who could have filed the claim, and that since she did not formally appear in the former proceeding by having her name indorsed upon the claim, which the respondent had theretofore filed, her action in prosecuting a proceeding in this court to vacate the former order likewise was ineffective, and that when she obtained permission in May, 1938, to amend the claim by showing that it was being prosecuted by her in a representative capacity, the bar of the statute effectively prevented such action. Petitioner further urges that no assignment by respondent of claim against the third person alleged to be responsible for the injury has ever been made or tendered to it. In the case of Chickasha Motor Co. v. State Industrial Commission, 174 Okla. 304, 50 P.2d 308, this court said:

"The filing of a claim for a compensation with the State Industrial Commission by an injured workman is a sufficient declaration of his election to take compensation under the Workmen's Compensation Act rather than to pursue his remedy against a third person by whose negligence the injury was sustained.

"Neither the statute nor the rules of the State Industrial Commission prescribe or fix a definite time within which an injured workman electing to take compensation shall assign his cause of action against a third

person causing the injury; and where the insurance carrier denies liability for the injury and does not demand the assignment, but shows an unwillingness to accept it, the claimant is excused from making it."

Although the respondent could not make an election which would have been binding upon him, yet, when his guardian prosecuted his claim for him from the commission and obtained a vacation of its order, we are of the opinion that this constituted a sufficient election under the circumstances. It will be observed that the petitioner herein has at all times denied liability and has at no time indicated that it either expected or desired an assignment of any claim which the respondent might have had against any other person. If we are mistaken in this respect, then the petitioner, upon payment of the award to the respondent, has its remedy against the alleged tortfeasor in the manner pointed out in the case of Staples v. Central Surety & Ins. Corp., 62 Fed. 2d 650. The primary contention raised by the petitioner is without merit and cannot be sustained.

In its reply brief the petitioner contends that in any event the rate of compensation was improperly computed by the State Industrial Commission. In support of this contention petitioner urges that the average annual earnings of the employee should have been shown and that this amount should have been divided by 52 to obtain the average weekly wage. There is no foundation in law or fact for such contention. Subdivisions 1, 2, and 3 of section 13355, O. S. 1931, 85 Okla. St. Ann. sec. 21, subdivisions 1, 2, and 3, provide exclusive methods for the determination of the average annual earnings of the employee, and subdivision 4 of said section provides the method to be then used in determining the average weekly wage. See Skelly Oil Co. v. Ellis, 176 Okla. 569, 56 P.2d 891. A somewhat similar contention was made in the case of Harris Meat & Produce Co. v. Brown, 177 Okla. 317, 59 P.2d 280, and therein this court pointed out:

"Evidence should be furnished the commission as to the average daily wage or salary of the employee during the days employed and this multiplied by 300 gives the average annual earnings of the employee."

The record here shows that the commission had before it evidence of the required nature and that the average annual earnings of the respondent were ascertained in the manner directed by statute (cited supra). No error is presented.

Award sustained.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, HURST, and DANNER, JJ., concur. RILEY, CORN, and DAVISON, JJ., absent.