STINCHCOMB v. DODSON et al.

No. 30095. April 7, 1942.

Rehearing Denied May 5, 1942.

Application for Leave to File Second Petition for Rehearing Denied June 2, 1942.

*126 P. 2d 257.*

V. E. Stinchcomb, of Oklahoma City, for plaintiff in error.

R. B. McCabe, Harlan Deupree, and Leslie D. Ringer, all of Oklahoma City, for defendants in error.

OSBORN, J. This action was instituted in the district court of Oklahoma county by Clarence S. Crain against Lee Stinchcomb, wherein it was sought to recover damages for personal injuries sustained in an automobile collision which plaintiff alleged resulted from the negligence of the defendant. Crain, being an employee of the Colonial Baking Company, filed a claim before the State Industrial Commission and was awarded compensation for the injuries sustained in the collision. The Casualty Reciprocal Exchange, the insurance carrier for the Colonial Baking Company, paid the award and filed its petition in the action originated by the plaintiff Crain seeking, as against defendant, a recovery of the sum of $2,007, being the amount of the award of the Industrial Commission paid to Crain by said insurance carrier. The cause proceeded to trial before a jury and a verdict was returned in favor of said insurance carrier. From a judgment thereon, defendant has appealed.

No contention is made that the evidence is insufficient to sustain the finding of the jury that the collision and resultant injuries to Crain were caused by the negligence of defendant. As the sole ground for reversal, defendant contends that the insurance carrier is without right to maintain this action. 85 O. S. 1941 § 44 provides that if a workman entitled to compensation under the Workmen's Compensation Law be injured by the negligence or wrong of another, not in the same employ, the injured workman shall elect whether to take compensation under the act or to pursue his remedy against the other; that if he elects to take compensation, the cause of action shall be assigned to the insurance carrier liable for the payment of such compensation.

It is shown that the insurance carrier in the instant case is an association transacting the business of insurance on what is known as the "reciprocal or inter-insurance plan." Said company is an association of subscribers organized for the purpose of exchanging indemnity. The Colonial Baking Company, the employer of the injured employee herein, was a subscriber of said exchange. It is shown that the offices of Bruce Dodson and Ralph Dodson, Kansas City, Mo., were selected as the place at which such indemnity was exchanged, and said parties were appointed, jointly and severally, attorneys for the subscribers with power to transact the business of the exchange.

Immediately after the payment of the award of the Industrial Commission to Crain, an assignment of the cause of action was executed by Crain, but it appears that through inadvertence the assignment was not made to the Casualty Reciprocal Exchange, the insurance carrier, but to Bruce Dodson & Company. The defendant urges that such an assignment is not sufficient to authorize the prosecution of this action by the insurance carrier. We find it unnecessary to determine this question. It does not appear that the trial court was of the view that the right of the insurance carrier to maintain the action was dependent upon the assignment, in that said court, without objection on the part of defendant, submitted the following instruction:

"You are further instructed that it is shown by the evidence in this case that under the provisions of the Workmen's Compensation Law of the State of Oklahoma, Clarence S. Crain applied to the Industrial Commission for relief because of his injuries and obtained an award through the Industrial Commission which award these plaintiffs were obligated to pay and plaintiffs have succeeded to any claim or right of action which the said Clarence S. Crain may have had against the defendant and the plaintiffs are entitled to recover in this action from the defendant whatever damages, if any, would have been due from said defendants to said Clarence S. Crain, were he now, himself, suing herein up to the amount of money shown to have been paid to Clarence S. Crain as compensation and for all sums he may have expended for medical and hospital care."

In the case of Staples v. Central Surety & Insurance Corporation (C. C. A. 10th)

62 F. 2d 650, a similar proposition was considered by the federal court. Plaintiff in that case was insurance carrier for one Bush. One Gougler, an employee of Bush, was injured by a boiler explosion alleged to be caused by the negligence of the Staples Drilling Company. Gougler was awarded compensation by the Industrial Commission of Oklahoma, which award was paid by the insurance carrier. Said insurance carrier instituted an action in the federal court to recover from the Staples Drilling Company the amount paid by it to the injured workman pursuant to the award of the Industrial Commission. It was urged before the federal court that if the action of the insurance carrier was an assigned one, the insurer was not entitled to maintain the same before the federal court, but it was held that independent of the provisions of 85 O. S. 1941 § 44 the insurance carrier was authorized to maintain the action under the doctrine of subrogation. Therein it was said:

"It is a well-recognized rule, supported by a great weight of authority, that, where one has been subjected to liability, and has suffered loss thereby, on account of the negligence or wrongful act of another, the one has a right of action against the other for indemnity. George A. Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422; Washington Gaslight Co. v. Dist. of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Dushane v. Benedict, 120 U. S. 630, 7 S. Ct. 696, 30 L. Ed. 810; Travelers' Ins. Co. v. Great Lakes Eng. W. Co. (C. C. A. 6) 184 F. 426, 36 L. R. A. (N. S.) 60; United States v. United States Fid. & Guaranty Co. (C. C. A. 6) 247 F. 16; Dayton Power & Light Co. v. Westinghouse E. & Mfg. Co. (C. C. A. 6) 287 F. 439, 37 A. L. R. 849; Baltimore & O. R. Co. v. Howard County Commissioners, 113 Md. 404, 77 A. 930, 931; Busch & Latta Painting Co. v. Woermann Const. Co., 310 Mo. 419, 276 S. W. 614. And this is no less the rule where the liability imposed is statutory. Travelers' Ins. Co. v. Great Lakes Eng. W. Co., supra; Dayton Power & Light Co. v. Westinghouse E. & Mfg. Co., supra. In Washington Gaslight Co. v. Dist. of Columbia, supra, the Supreme Court laid down the general rule, fortified by citation of much applicable authority, that one may recover damages which he has been compelled to pay over because of the negligence of another. In George A. Fuller Co. v. Otis Elevator Co., supra, the rule was applied to a case where the Fuller Company paid a judgment in favor of one of its employees, where the negligence was that of the Otis Elevator Company. The Sixth Circuit Court of Appeals in Travelers' Ins. Co. v. Great Lakes Eng. W. Co., supra, applied the general rule to an insurance company which, under a contract with the employer, paid compensation to an injured employee.

"Upon this settled principle, it is clear that Bush, having been subjected to liability to his employee, Gougler, under the Compensation Law, as a result of the negligence of appellants, had a cause of action, in his own right, for indemnity against appellants, at common law entirely independent of any provisions of the Compensation Law (Comp. St. 1921, Okla. sec. 7282 et seq., as amended). And the appellee, having discharged Bush's liability to Gougler, pursuant to its contract of insurance, is subrogated to Bush's right against appellants."

The doctrine announced by the federal court in the above case was approved by this court in the case of State Insurance Fund v. Smith, 184 Okla. 552, 88 P. 2d 895. Other authorities dealing generally with the question are collected in the following annotations: 88 A. L. R. 687; 67 A. L. R. 266; 37 A. L. R. 844; 27 A. L. R. 500; 19 A. L. R. 782.

In the instant case the insurance carrier seeks only to be indemnified for the amount paid by it in pursuance of its contractual obligation to the insured. We therefore hold that, independent of any provision in our Workmen's Compensation Law, said insurer was subrogated to the claim of the injured workman as against the defendant tortfeasor whose negligence was responsible for the injuries sustained by the employee, and was thereby entitled to maintain this action in its own name.

The judgment is affirmed.

CORN, V. C. J., and GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY, BAYLESS, and DAVISON, JJ., absent.