**OKLAHOMA NATURAL GAS COMPANY, a corporation, Appellant,**

v.

**MID-CONTINENT CASUALTY COMPANY, a corporation (formerly General Bonding and Insurance Company), Appellee.**

**No. 6071.**

United States Court of Appeals Tenth Circuit.

July 13, 1959.

Clayton B. Pierce, Oklahoma City, Okl. (Melvin F. Pierce, and Pierce, Mock & Duncan, Oklahoma City, Okl., of counsel, on the brief), for appellant.

John B. Dudley, Jr., Oklahoma City, Okl. (Dudley, Dudley & Dudley, Oklahoma City, Okl., of counsel, on the brief), for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The trial court granted a summary judgment in favor of appellee-plaintiff, a workmen's compensation insurer, and

against the appellant-defendant[1] whose alleged wrongful acts caused the injuries for which compensation was paid by the insurer. There was no proof of negligence. It was held that liability was fixed by a settlement which the wrongdoer had made with the injured persons.

The facts are undisputed. The insurer provided compensation protection for the employer of those injured and pursuant to the Oklahoma law paid the awards to which the injured were entitled. Thereafter the injured sued the appellant, Natural Gas, asserting that the accident resulting in their injuries, was caused by the negligence of Natural Gas. The insurer had knowledge of the pendency of these suits but was not joined as a party and did not intervene. Natural Gas had notice of the compensation payments made by the insurer and of its claim for reimbursement from Natural Gas. The suits were settled and dismissed with prejudice without notice to or consent of the insurer. The amounts paid were substantially in excess of the compensation awards. Each settlement release contained the following provision:

"It is not our intention in making this release to release the claim of the insurance company that paid medical expenses and compensation to us; but, it is our intention to settle each and every claim which we have."

After the settlements, the insurer sued Natural Gas asserting two claims: (1) that the payments by Natural Gas to those injured with knowledge of the insurer's rights made Natural Gas liable to it as a matter of law, and (2) that it had suffered a loss, the payment of the compensation awards, because of the negligence of Natural Gas for which it was entitled to recover. The trial court granted summary judgment on the first claim. The position of Natural Gas is that the settlements did not determine its liability as a matter of law and that recovery can only be had under the second claim and on proof of negligence. Natural Gas concedes that the insurer may maintain the second claim.

The Oklahoma Workmen's Compensation law provides[2] that if a workman entitled to compensation thereunder is injured by the negligence of another not in the same employ, he shall, before any suit or claim, elect whether to take compensation or to pursue his remedy against such other person and "If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation * * *."

The theory of appellant, Natural Gas, is that the injured persons and the insurer each have an independent claim and the settlement of one does not affect the other. The insurer asserts that there is but one claim against the wrongdoer responsible for the injuries and that on the settlement of such claim a trust or lien is impressed on the proceeds of the settlement in favor of the insurer to the amount of its loss with the result that the wrongdoer by ignoring the rights of the insurer became liable as a matter of law to the insurer to the extent of the compensation awards.

In Staples v. Central Surety & Ins. Corporation, 10 Cir., 62 F.2d 650, 653, this court upheld the right of a compensation insurer to maintain in its own name a claim against a wrongdoer whose negligence had caused the injuries for which the insurer had paid compensation. The rule so announced was followed by Oklahoma in State Insurance Fund v. Smith, 184 Okl. 552, 88 P.2d 895, 897, and Stinchcomb v. Dodson, 190 Okl. 643, 126 P.2d 257, 259–260. Almost contemporaneously with Stinchcomb the Oklahoma Supreme Court decided Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203,[3] but neither decision men-

1. Hereinafter referred to as Natural Gas.

2. 85 O.S.A. § 44(a).

3. Stinchcomb was decided April 7, 1942, and rehearing denied May 5, 1942. Parkhill was decided April 28, 1942.

tioned the other. In Parkhill it was held that the injured workman could maintain a claim against the wrongdoer and the wrongdoer could not be required to pay more than one judgment. At the same time Parkill said that the insurer can require recoupment in the event of recovery from the negligent third party. Subsequent decisions have left the rules announced in Stinchcomb and Parkhill without clarification.[4] This court has followed the Staples decision in the Oklahoma case of Baker v. Traders & General Ins. Co., 10 Cir., 199 F.2d 289.

■■ The significance of the foregoing decisions relates only to the question of whether there is one cause of action against the wrongdoer or whether the injured person and the insurer each has a separate and independent cause of action. The importance of this difference is nullified by the position of Natural Gas that the insurer may proceed under its second claim. If there is but one cause of action, the rule against splitting of causes of action does not apply because it is for the benefit of the defendant who may waive it.[5] Natural Gas in failing to implead the insurer in the workmen's suits, by making a compromise settlement with the workmen after notice of the insurer's claims, and by conceding the right of the insurer to proceed under its second claim, has waived any right to assert as a defense the rule against splitting of causes of action. The situation then is the same whether it be considered that the workmen and the insurer have separate and independent causes of action or whether they have one.

■ It would serve no good purpose to explore the questions relating to the existence of the right of the insurer to recoupment under the common law or under statute and by way of subrogation or indemnity. It is sufficient that the insurer has an assignment by law of so much of the injured persons' claims against the wrongdoer as is required to make the insurer whole for the awards which it has paid. This partial assignment has the sanction of Oklahoma law and is unaffected by the general rule against partial assignment of a tort claim.

■■ The injured workmen had the right to sue Natural Gas. They were not required to join the insurer as a party to their suits. Natural Gas had the right to settle with the workmen. The law favors settlements. The Oklahoma rule is that compromise settlements are not evidence of substantive facts in negligence cases.[6]

■ There is nothing in the Oklahoma law which gives an insurer a lien on a recovery of a workman from a wrongdoer responsible for the injury resulting in payment of an award by the insurer to such workman. Also there is nothing which impresses a trust in favor of the insurer against such recovery. We may not rewrite the Oklahoma statutes to provide either for such a lien or such a trust. The heavy reliance of the insurer on Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713, is misplaced because of the difference between the Texas and Oklahoma statutes.[7]

4. DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816; Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475; L. B. Jackson Drilling Co. v. Prichard, Okl., 308 P.2d 284; Griffin Grocery Co. v. Logan, Okl., 309 P.2d 1074.

5. Empire Oil & Refining Co. v. Chapman, 182 Okl. 639, 79 P.2d 608, 610.

6. Gibson v. Chickasha Cotton Oil Co., 159 Okl. 291, 15 P.2d 41, 43; Conti-

nental Oil Co. v. Tigner, 189 Okl. 619, 118 P.2d 1027, 1028; Skelly Oil Co. v. Johnson, 190 Okl. 45, 120 P.2d 626, 627.

7. The Texas statute, R.C.S.1925, Art. 8307, § 6a, Vernon's Ann.Civ.St. art. 8307, § 6a, provided that an action against a wrongdoer for injuries which were the basis of a compensation award was "for the joint use and benefit" of the injured employe and the insurer. The court held that a settlement by the employe would unlawfully nullify the sub-

512

The mere settlement of a claim for personal injuries does not itself establish liability for the accident out of which the injuries arose. Under the posture of this case the fact of the settlement does not affect the right of the insurer to pursue its remedy. In so doing it must establish the liability of the alleged wrongdoer. Such liability is not established by settlement with the injured workmen.

The judgment is reversed and the case is remanded for trial on the second count of the complaint.

rogation rights of the carrier. Hence, the Texas court concluded that the tort feasor wrongfully paid and the employe wrongfully received with the result that each was liable to the insurer for the amount of its loss.