UTILITIES INSURANCE COMPANY, Appellant,

v.

Keller A. McBRIDE, Appellee.

No. 7117.

United States Court of Appeals Tenth Circuit.

April 4, 1963.

Rehearing Denied May 3, 1963.

Clayton B. Pierce, Oklahoma City, Okl. (John R. Couch and Melvin F. Pierce, and Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, Okl., were with him on the brief), for appellant.

C. J. Watts, Oklahoma City, Okl. (Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., were with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is the right of an insurance carrier to recover from an injured workman the amount of compensation paid to him under Oklahoma law when, by settlement with a third person allegedly responsible for the injury, the injured man has recovered an amount in excess of the compensation award paid by the insurance carrier. The trial court granted summary judgment against the insurance carrier and it has appealed. Jurisdiction is based on diversity.

Appellee McBride, an employee of Sprague Furniture Mart, Lawton, Oklahoma, was accidently injured in a gas explosion. He filed a claim with the State Industrial Commission against his employer and its insurance carrier, appellant Utilities Insurance Company. The Commission awarded, and the insurance carrier paid, workmen's compensation benefits in the sum of $35,186.71 to Mc-

Bride. McBride then brought a state court action against Arkansas-Louisiana Gas Company and Roy Sauerman (hereinafter referred to collectively as Ark-La), asserting that his injuries were caused by the negligence of Ark-La and seeking recovery of $275,000 therefor. The insurance carrier filed a statement in that suit asserting a lien, in the amount of the award which it had paid, on any recovery made by McBride.

Ark-La and McBride settled their dispute by an agreement under which Ark-La paid McBride $40,000. The agreement, by appropriate provisions, preserved whatever claim the insurance carrier might have against Ark-La. The state court case was not dismissed and is still pending. By a separate instrument Ark-La agreed to indemnify McBride for any loss which he might sustain to the insurance carrier by reason of the settlement. The insurance carrier objected to the settlement and demanded that, from the money received in the settlement, McBride pay to it the amount of the compensation award. The demand was refused and this action followed.

The trial court held that the settlement between McBride and Ark-La "released only that part of McBride's cause of action which included damages to him over and above the claim of Utilities Insurance Company" and did not impair the right of the insurance carrier to assert against Ark-La "its cause of action for recovery of compensation benefits advanced to McBride." Thus, the insurance carrier was denied recoupment from the injured workman and relegated to its remedy against the third person.

Section 44(a) of the Oklahoma Workmen's Compensation Act [1] provides procedures for the assertion of claims against third persons whose negligence causes injuries to employees entitled to compensation benefits. An injured workman is required to elect whether to take compensation or to pursue his remedy against the third person. If he elects to take compensation, "the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation." Construing this provision both the Oklahoma courts and this court have upheld the right of an insurance carrier to maintain, in its own name, a claim against the third person whose negligence caused injuries for which the insurance carrier paid compensation.[2]

The statute further provides that if the injured man elects to proceed against the third person the insurance carrier shall be liable only for the difference between the amount recovered and the amount of the compensation award which he would have received otherwise. A compromise of a claim against a third person in an amount less than the compensation award can be made only with the consent of the Commission which ad-

---

1. 2 Okl.St.1961, Title 85, § 44(a) reads thus:

"If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency,

if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

2. Stinchcomb v. Dodson, 190 Okl. 643, 126 P.2d 257, 259–260; State Insurance Fund v. Smith, 184 Okl. 552, 88 P.2d 895, 897; Staples v. Central Surety & Ins. Corporation, 10 Cir., 62 F.2d 650, 653; Baker v. Traders & General Ins. Co., 10 Cir., 199 F.2d 289, 291.

ministers the Oklahoma Act, and "otherwise with the written approval of the person or insurance carrier liable to pay the same."

This simple statutory plan has been modified by judicial decision. In Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P. 2d 203, the Oklahoma Supreme Court held that an injured employee could maintain an action against a third person in his own name without joining the insurance carrier which had paid to him a compensation award; that the third person was not required to pay more than one judgment; and that the insurance carrier could require recoupment in the event of recovery. The difficulty with this decision is that its practical effect is to split the cause of action between the injured employee and the insurance carrier. Each is entitled to assert his or its claim against the third person. Either can compromise and settle such claim. No method is provided for recoupment by the insurance carrier when the injured employee settles with the third person.

In Oklahoma Natural Gas Company v. Mid-Continent Casualty Company, 10 Cir., 268 F.2d 508, we considered an action by a workmen's compensation insurance carrier against a third person to recover the amount of an award which had been paid to the injured workman. The injured workman had made a settlement with the third person. The trial court granted summary judgment in favor of the insurance carrier holding that the settlement by the third person with knowledge of the insurance carrier's rights made the third person liable to the insurance carrier as a matter of law. We reversed, holding that the settlement did not impair the claim of the insurance carrier against the third person;

that the settlement was not evidence of the negligence of the third person; and that the insurance carrier could proceed with the action against the third person but had to prove negligence.[3]

An anomaly arises from the recognition of two causes of action arising out of a single wrong for which there may be only a single recovery. Parkhill says that the workman is entitled to only one recovery,[4] and that the insurance carrier is entitled to recoupment from that recovery. Neither Parkhill nor the statute provides how that recoupment is to be obtained.

The decision of the trial court denies recoupment of the insurance carrier in the amount of the compensation award which it has paid and leaves the insurance carrier with a cause of action of uncertain and undetermined value. This result is contrary to the Parkhill decision which says flatly that the insurance carrier is entitled to recoupment.

The last sentence of § 44(a) reads:

"The compromise of any such cause of action [one against a third person whose negligence allegedly caused the injury] by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

In our opinion the intent of the legislature is clear. When the settlement is for less than the compensation to which the workman is entitled under the statute, the written approval of the Commission must be secured in order for the workman to retain any rights to compensation under the Act.[5] The word "other-

3. Neither party to the present case attacks the Oklahoma Natural Gas decision. In argument, counsel agreed that Oklahoma Natural Gas was a logical sequel to Parkhill.

4. Commenting on § 44 and the Parkhill decision, this court in Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc., 10 Cir., 251 F.2d 97, 98,

said: "The purpose of this section is to prevent a double recovery by the injured employee."

5. The Oklahoma Supreme Court has so held. See Bond Marble & Tile Office v. Rose, Okl., 322 P.2d 1063, 1067; DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816.

wise" in the last phrase must refer to a settlement for an amount not less than the compensation provided by the Act. If the settlement is made in some such amount, the written approval of the person or insurance carrier liable to pay the compensation provided by the Act must be obtained.

■ Counsel for the injured workman says that the approval of the insurance carrier is required only when the workman attempts to settle the entire cause of action against the third person. The argument is that Parkhill creates two causes of action, one in the workman and one in the insurance carrier, and that nothing prohibits the settlement by the workman of his claim against the third person. This construction reads into the statute words that are not there. The statute is plain and unambiguous and the words must be given their common meaning. Any uncertainty which is created by state court decision construing another portion of the statute does not justify a judicial rewriting of the statute by a federal court. That is the responsibility of the legislature.

■ We hold that when an injured workman makes a settlement with a third person in an amount not less than the compensation provided by the statute, he must secure the approval of the insurance carrier liable for the statutory compensation benefits and that, when such approval is not secured, the injured workman must pay to the insurance carrier, out of his recovery from the third person, the amount of the compensation award which it has paid.

■ The next question is whether such liability may be enforced against the workman in advance of the exhaustion of the cause of action against the third person. Although the insurance carrier is entitled to money rather than the possibility of securing that money by the assertion of a cause of action of unliquidated value, fairness and logic both require that the value of the cause of action be determined before recoupment is had from the workman. Accordingly, the insurance carrier must pursue the cause of action and can recover from the workman only the amount which it fails to obtain from the third person.

■ Counsel for the insurance carrier urges that the insurance carrier has a lien on the settlement amount or, in the alternative, that such amount is impressed with a trust in favor of the insurance carrier. We do not agree. In the Oklahoma Natural Gas case we pointed out that the Oklahoma statute provides no such lien or trust. Further examination reenforces that conclusion. When as here the workman settles only the claim which he has and not the claim of the insurance carrier, he has not infringed on any right of the insurance carrier unless the insurance carrier is unable to recoup from the cause of action. The situation is different from that presented in Harrington v. Central States Fire Ins. Co. of Wichita, Kan., 169 Okl. 255, 36 P.2d 738, 740, 96 A.L.R. 859, where the insured settled with a wrongdoer for the full amount of a fire loss.

The judgment is reversed with directions to hold the case in abeyance until the pending state court action against the third person is determined. If, in the pending state court case, the insurance carrier recovers from the third person the amount of compensation award which it has paid, this case shall be dismissed. If there is no recovery or recovery in less than the amount of compensation paid, this case shall go forward in accordance with the views here expressed with recovery against the workman limited to the difference between the recovery from the third person and the amount of compensation benefits paid.

Reversed.