AGENCIES COVERED BY OPEN MEETING LAW Subordinate agencies created by a governing board or agency supported in whole or in part by public funds are subject to the provisions of the open meeting law. When private non-profit corporations created for the purpose of leasing public lands or property for public use are supported in whole or in part by public funds or are entrusted with the expending of public funds, then such entities are subject to the open meeting law. Local boards supported by federal funds which receive in kind services at the expense of local taxpayers is public money and such boards are covered by the open meeting law. Whether or not an actual vote is taken when a quorum of a board authorized to transact public business is meeting, has no effect on that board being covered by the open meeting law. The charter of the City of Tulsa as it deals specifically with executive sessions, is not in conflict with the provisions of the open meeting law of the State of Oklahoma. Copies of minutes to legal newspapers are to be provided in accordance with 25 O.S. 115 [25-115] (1971). The matter of cost of reproduction of those minutes are left to individual agreement between the parties in that no mandatory direction or indication is given by the Oklahoma Legislature. The Attorney General has considered your opinion request wherein you ask the following questions: "1. If a governing board, authority or other agency is supported in whole or part by public funds, are any or all groups, committees, advisory boards or other subordinate agencies created by that governing board also subject to provisions of the open meeting law? "2. If the answer to Question #1 is negative, would any such subordinate board or group having access to public funds be covered by the statute? "3. Are private non-profit corporations created for the purpose of leasing public lands or property for public use covered by provisions of the statute? "4. Are local boards supported by federal funds, which receive 'in kind' services at the expense of local taxpayers, covered by the open meeting law? "5. When a quorum of a board authorized to transact public business gathers to discuss a matter over which it holds jurisdiction, is the meeting covered by the statute even though no actual vote is taken? "6. The Charter of the City of Tulsa contains the following provision: 'All sessions of said board (the Mayor and Board of Commissioners) whether regular or called shall be open to the public. (Article 3, Section 14) Does this provision override the permissive language in the state statute on personnel meetings in executive session? Does this provision pertain to all boards and agencies operating under the City Charter or by fiat of the City Commission? "7. The state's Minutes Request Law provides that governing boards have the mandatory duty to provide copies of their tentative minutes to legal newspapers which request the minutes by letter. Under this law may the newspaper requesting the minutes be required to pay for the copies of the service of reproducing the copies?" Title 25 O.S. 201 [25-201] (1971) states: "All meetings of the governing body of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded. "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "Any action taken in violation of the above provisions shall be invalid. "Any member of the Legislature appointed as a member of a committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session of any state agency, board or commission authorized by this act whenever the jurisdiction of such committee includes the actions of the public body involved." The public's right to attend meetings of a governing body is pursuant to the above cited statute. There appears to be no other constitutional provision or statutory authority dealing with this question. Therefore, in answering your questions, reference will be made to the effect of this particular statute as it applies to the particular situations you have outlined. Your first question inquires into the applicability of 25 O.S. 201 [25-201] (1971) to subagencies whose parent agencies are obviously subject to the provisions of the open meeting law. With regard to this particular situation, it appears clear that the legislative intent was to provide governing bodies supported in whole or in part by public funds or entrusted with expending of public funds, or administering public properties, be required to make decisions before the public. The key phrase involved in seeking the intent of the Legislature is to ascertain the meaning of "governing bodies". A plain reading of the statute leaves the obvious implication that all governing bodies and agencies within the State of Oklahoma are included within this designation. Certainly, if any subagency has the delegated power from its parent agency to make governmental decisions, to formulate rules or formulate the basis for a decision by the parent agency, then, that agency would be within the provisions of the open meeting law. The term "governing body" has been defined in Attorney General's Opinion No. 68-231, wherein it was stated: "A 'governing body' can be construed as being a quorum of a collective number of individuals designated as members of such body when acting in the capacity for which they were authorized." Therefore, if the subagency's governing body was authorized either by statute or constitutional provision, or if it were exercising rulemaking powers lawfully delegated by the parent agency, the subagency governing body would meet the requirements of a "governing body" within the language of the statute and thereby be subject to the open meeting law. The only remaining requirement would be a determination of whether the subagency is supported in whole or in part by public funds or entrusted with the expending of public funds or administering public property, as outlined in the statute. When either of these requirements are met, then it is clear the subagency would be subject to the open meeting law. You will note an example of an exception appears in Attorney General's Opinion 69-350 wherein the opinion held the Oklahoma Faculty Senate, though an agency supported by public funds, was not an agency within the meaning of a "governing body". It appears that the requirement of the function of the committee as well as the funds supporting the agency were considered together in order to subject any agency or subagency to the open meeting law. However, the wording of 29 O.S. 201 [29-201] (1971) indicates that if only one of the enumerated requirements is met, then the agency or subagency will be subject to the open meeting law. Therefore, it is the opinion of the Attorney General that your first question be answered in the affirmative since any governing board or subagency which is supported in whole or part by public funds would be subject to this open meeting law. Your third question deals with those entities that are created for the purpose of leasing public lands or property for public use. Though the statute does not specifically include private, non-profit corporations created for the purpose of leasing public lands or property for public use it does appear clear that these "public" trusts or other like entities would by necessity be supported in whole or in part by public funds and are certainly entrusted with the expending of public funds and the administration of public property. In this event, the plain and unambiguous language of the statute would control subjecting these entities to the open meeting law. See Special Indemnity Fund v. Harold, Okla.,398 P.2d 827. It is, therefore, the opinion of the Attorney General that your third question be answered in the affirmative in that private non-profit corporations created for the purpose of leasing public lands or property for public use would be subject to the open meeting law. Your fourth question concerns whether local boards supported by federal funds which receive "in kind" services at the expense of the local taxpayers, are covered by this law. To determine if "in kind services" constitute public funds, under the meaning of the statute, it is necessary to examine the character of the public monies. Public funds include monies belonging to the United States or a corporate agency of the federal government. The fact that the state has taken possession of money pursuant to the federal law is sufficient to constitute them state funds, even though held for a specific purpose designated by the federal agency. See Am.Jur. 42, 2. Title 74 O.S. 1004 [74-1004] provides in relevant part: "(a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any public agency of another state or of the United States to the extent that laws of such other state or of the United States permit such joint exercise or enjoyment. Any agency of the state government when acting jointly with any public agency may exercise and enjoy all of the powers, privileges and authority conferred by this act upon a public agency. "(e) No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by laws except that, to the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, said performance may be offered in satisfaction of the obligation or responsibility." Therefore, it is the opinion of the Attorney General that federal funds used to support local boards becomes public money once it is received by those boards. It therefore follows that such boards then become subject to the open meeting law. Concerning your fifth question: The statute, above cited, expressly provides that "all meetings of governing bodies" are public unless the meeting qualifies as an executive session. The requirement for voting would have no effect on the character of the meeting if the meeting was in fact held to discuss the formulation of rules and regulations or for decisions making. If a vote is necessary then, and in that event, a public vote is mandatory under the statute. The key phrase to be interpreted under the statute is meetings of the " governing body ". In Rhine v. Humphreys, Okla.,150 P. 1106, the Court stated: "It may be laid down as a general rule that, when several persons are authorized to perform a public service, or to do an act of a public nature, as an organized body, which requires deliberation, they should be convened in a body, in order that they may have counsel and advice of every member, although they may not all be of the same opinion concerning the matter at hand." Attorney General's Opinion 68-231 held: "It is therefore the opinion of the Attorney General that, a meeting of the governing body is construed to mean the coming together of a quorum of a collective number of individual members of a governing body to transact business which officially concerns such body. Communications between such individual members of such bodies when not meeting as a governing body may be private." It is therefore clear that if a quorum of an agency is meeting to transact any agency business which in and of itself concerns an act of a public nature, and requires deliberation including but not limited to rule and decision making then the quorum is a governing body under the meaning of the term of the statute. All such meetings must thus fall within the framework of the statute. However, communications between individual members of the body or discussion by bodies when a quorum is not present are obviously not within the intent of the statute when speaking of "all meetings of governing bodies". It is, therefore, the opinion of the Attorney General that all meetings of governing bodies as hereinbefore defined are subject to the open meeting law. It is further the opinion of the Attorney General that communications between individual members of such bodies when not meeting as a governing body may be private. Your sixth question relates to the Charter of the City of Tulsa wherein all meetings, whether regular or called are specified to be open to the public. Specifically, you ask if the provisions of the Charter of the City of Tulsa override the language of 25 O.S. 1971 201 [25-201]. The Supreme Court of the State of Oklahoma laid down the rule in the case of Town of Luther v. State ex rel Herrod, Okla.,425 P.2d 986, wherein they stated: "Provisions of the city charter, adopted and approved in accordance with the Constitution, Article 18, 3(a) supersede all laws of the state in conflict therewith insofar as such laws relate to merely municipal matters." Although the open meeting law must be considered as a statement of public policy of a statewide nature, the specific provision of the Charter of the City of Tulsa is not in conflict with state law in that it constitutes expansion of the provisions of the open meeting law rather than a restriction. Therefore, it is the opinion of the Attorney General that the Tulsa City Charter insofar as it dictates that all sessions of the mayor and the board of commissioners meeting as a regular or called meeting should be open to the public expand and do not conflict with the provisions of 25 O.S. 201 [25-201] (1971) as they relate to permitting executive sessions to be closed to the public. Therefore, it is the opinion of the Attorney General that your question be answered in the affirmative in that the provision contained in the Charter of the City of Tulsa is not in conflict with the language of the State Statute. With regard to your seventh question, 25 O.S. 115 [25-115] (1971), provides: "It shall be the mandatory duty of the clerk of the board of each school district and the clerk of the governing body of each city and town to furnish the tentative minutes of every regular and/or special meeting of such school board and municipal governing bodies to legal newspapers requesting the same in writing, provided any such newspaper must be located in the same county as all or a part of the school district or municipality to which such request is made. "Provided further that such minutes shall be furnished within five (5) days after all such regular and/or special meetings to eligible newspapers requesting the same and that any such written request shall be effective and said minutes shall be furnished in compliance therewith for the current calendar year or the remaining portion thereof unless a shorter period shall be specified in said request." The plain meaning and intent of the statute is clear that there is a mandatory duty to provide copies of the minutes to legal newspapers upon request. Where the language of the statute is plain and unambiguous, the statute must be given the common meaning. Utilities Insurance Company v. McBride, 10th Cir., 315 F.2d 553. The statute is silent as to the matter of costs. To " furnish " is defined in Webster's International Dictionary as to give or to supply. No further enlightenment of the question of cost of reproduction is provided either by statute or case law in the State of Oklahoma. It is, therefore, the opinion of the Attorney General that the matter of cost must be left to individual agreement between the parties in that no mandatory direction or indication is given by the Legislature on this question. (Robert H. Mitchell) ** SEE: OPINION NO. 74-182 (1974) **