**Charles Edmund BELL, Sr., Appellant,**

**v.**

**J. W. MEADORS, d/b/a J. W. Meadors Well Servicing Co., Appellee.**

**No. 47245.**

Supreme Court of Oklahoma.

April 29, 1975.

Rehearing Denied May 20, 1975.

Donovan, Freese & March by Gerard K. Donovan, Tulsa, for appellant.

Covington, Gibbon & Poe by A. M. Covington, Tulsa, for appellee.

BARNES, Justice:

Appellant, Mr. Charles Bell, who was employed by Foster Oil and Gas Company [hereafter referred to as "Foster"] as a pumper, was watching employees of Appellee, J. W. Meadors Well Servicing Co., who were pulling rods and tubing from one of Foster's wells. As they were removing tubing from the well, a section of tubing came loose and struck Appellant Bell on the head. Consolidated Underwriters Insurance Company [hereafter referred to as "Consolidated"], Foster's insurance carrier, paid Workmen's Compensation benefits to Appellant Bell in the amount of $10,669.30.

Mr. Thomas A. Wallace and the law firm of Rogers, Donovan and Rogers, in behalf of Appellant Bell, filed this third party action in the amount of $81,928.25 against J. W. Meadors, d/b/a J. W. Meadors Well Servicing Co. [hereafter referred to as "Meadors"]. Mr. Donovan of that firm represented Consolidated before the same court. Mr. Donovan, in his letter to the Appellee's insurance carrier, The Hartford Insurance Group, Tulsa, Oklahoma [hereafter referred to as "Hartford"], and their attorney, Mr. A. M. Covington, although indicating that he was co-counsel in the case, was clear in stating that his primary interest was that of the subrogated compensation carrier.

When the case was called on the Jury Docket, Mr. Wallace, Appellant Bell, and Mr. Covington, as attorney for Appellee Meadors, were present and ready for trial. Mr. Donovan was not there. Appellant Bell was anxious to settle the matter. The Appellee Meadors wanted to settle the interest of Appellant Bell and his employer's compensation carrier by one lump sum payment. However, Appellant Bell and his attorney, Mr. Wallace, could not agree with Mr. Donovan on how it should be divided between Appellant Bell and the compensation carrier. Mr. Wallace and Mr. Donovan had many discussions, but no settlement was agreed upon. Finally, on December 21, 1970, Appellant Bell and his personal attorney, Mr. Wallace, entered into a settlement agreement which released all of Appellant's claims, but reserved the subrogation rights of the Workmen's Compensation Insurance Carrier, Consolidated. This Partial Settlement and Release provides as follows:

"IN THE DISTRICT COURT WITHIN AND FOR TULSA
COUNTY, STATE OF OKLAHOMA

CHARLES EDMUND BELL, SR.,

　　　　　　　　　　　　　　Plaintiff,

—vs—

J. W. MEADORS, an Individual d/b/a
J. W. MEADORS WELL SERVICING COMPANY,
　　　　　　　　　　　　　　Defendant.

NO. C–69–888

### PARTIAL SETTLEMENT AND RELEASE

"Comes now Charles Edmund Bell, Sr., plaintiff herein and acknowledges payment to him by the defendant herein of the sum of Ten Thousand Dollars, even, ($10,000.00), which said sum is accepted in full payment and settlement and for a Release of all claims he personally has arising out of this matter. However, this agreement is not to in any manner affect the interest of the Workmen's Compensation Insurance Carrier for his employer, Foster Oil and Gas Company, and so far as he is concerned that company has paid to him Workmen's Compensation benefits under Oklahoma Law and it is entitled to maintain an action for such sums as have been paid to him either as Workmen's Compensation or medical or hospital expenses for his injury suffered by him in this matter. This is to further certify that he has no further interest in pursuing this matter further.

"Dated this 21 day of December, 1970.

　　　　　　　　/s/ CHARLES E. BELL, SR.
　　　　　　　　　　Plaintiff

　　　　　　　　/s/ THOMAS A. WALLACE
　　　　　　　　　　Attorney for Plaintiff"

Mr. Donovan, in behalf of Consolidated and himself, moved for summary judgment against Appellee Meadors, contending that there was no issue of material fact; that if any recovery was made by the Appellant Bell, those sums were to be paid to Consolidated prior to any payment to Appellant Bell; that the Court had equitable jurisdiction since Mr. Donovan, as Appellant's attorney, had claimed an attorney's lien upon any settlement, and the partial settlement had been made directly with his client, Appellant Bell, in violation of the rules of legal ethics governing the conduct of attorneys in dealing directly with a client without the knowledge of the client's attorney while suit was pending. Further, that by paying the Appellant Bell for his secondary part of the settlement, it ·was no longer practically possible to try the case before the court and jury, thereby depriving Consolidated of their subrogation benefits provided them by statute.

The Trial Court found that there was no dispute as to material facts; that Appellee was aware of the $10,669.30 claim of Consolidated; that there was and is an outstanding attorney's lien. The Trial Court further found that Appellant Bell had no right to any further award or judgment; that the matter of the attorney's lien could not be considered at this time because the only party plaintiff named in the suit was Appellant Bell and no one else could recover, since Bell had no further interest in the cause. The Court then denied the motion for summary judgment, from which order this appeal is taken.

Mr. Donovan, in behalf of Consolidated, contends that the order of the Trial Court denied the statutory rights granted to assignee, Consolidated, who joined said Appellant Bell in this suit, under the provisions of 85 O.S.1971, § 44, which provides as follows:

"(a) If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

Mr. Donovan, on behalf of Consolidated, contends that said order overrules settled case law permitting recovery of Workmen's Compensation benefits paid by an insurance carrier in a suit against a third party tort-feasor; and, further, that that Court found equity jurisdiction to grant relief for the attorney's lien for the attorney of the Plaintiff-Appellant, where the employer's Workmen's Compensation Insurance Carrier settled the case directly with the Plaintiff-Appellant, but effectively denied said relief by finding that there was "no vehicle" under which relief could be given. Mr. Donovan further contends that said "Partial Settlement" by Appellee's attorney is a violation of the Canons of Legal Ethics and is contrary to public policy.

In Aetna Casualty & S. Co. v. Associates Transports, Inc., Okl., 512 P.2d 137, Aetna paid insured, except for deductible collision coverage, for damage to his car. Under the terms of the insurance policy there was a subrogation clause. Aetna notified As-

sociates it had paid the loss and was claiming subrogation rights. The insured sued Associates for personal injuries and all property damage arising out of the accident. Aetna notified the insured that it did not desire to have its share included in the suit because it wanted to handle its subrogated claim by arbitration. Defendant refused to arbitrate. Therefore, Aetna sued for its subrogated amount. The Defendant asserted its full release from the insured as a defense to the action by Aetna. That Court held that despite the wording of the release as a full release, it did not release the claim of Aetna and that Aetna had the right to proceed with the suit in its own name for its subrogated amount. The Court further noted that Aetna was the real party in interest. In our case the Plaintiff, Bell, had signed a release of his entire interest, but reserved the subrogation rights of the compensation carrier.

In Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203, this Court held that the injured workman could maintain a suit against the third party tort-feasor in his own name without joining the insurance carrier which had paid to him a compensation award; that the tort-feasor could not be required to pay more than one judgment; and that the insurance carrier could require recoupment in the event of recovery from the negligent tort-feasor. However, this case does not indicate how that recoupment is to be obtained.

The Tenth Circuit, U.S. Court of Appeals, has considered two Oklahoma cases. The first of these was Oklahoma Natural Gas Company v. Mid-Continent Casualty Co., Okl., 268 F.2d 508 [10th Cir. 1959]. That Court held that where injured employees sued the third party tort-feasor after they had been paid Workmen's Compensation awards and insurer had knowledge of such suits, but was not joined as a party and did not intervene, and suits were settled and dismissed with prejudice without notice to or consent of the insurer and the amounts were substantially in excess of compensation awards, settlement did not determine third party tort-feasor's liability as a matter of law and insurer could recover from tort-feasor amount of awards paid to injured employees only upon establishing liability of tort-feasor for the accident out of which injuries arose. In this case the Compensation Carrier sued in its own name; whereas, in our case the Compensation Carrier attempted to proceed in the name of the injured employee.

The second case considered by the Tenth Circuit, U.S. Court of Appeals, was Utilities Insurance Company v. McBride, Okl., 315 F.2d 553 [10th Cir. 1963]. That Court held that when an injured workman had received a compensation award from the Insurance Carrier and, after commencing suit against the third party allegedly responsible for the injury, had received a settlement from the third party which exceeded the compensation award, but which expressly reserved whatever claim the Carrier might have against the third party, the Carrier could recover from the workman the difference between the benefits paid and any recovery it might obtain from the third party, but the Carrier would first have to pursue to conclusion its action against the third party.

The question of splitting causes of action was considered by the courts in Aetna Casualty & S. Co. v. Associates Transports, Inc., supra, and in the two Federal cases. These cases indicate that the rule against splitting causes of action is for the defense and by settlement with the workman after notice of the Compensation Carrier's claim, and by conceding the right of the insurer to proceed under its claim has waived its right to assert as a defense the rule against splitting causes of action.

■ Mr. Donovan criticized Mr. Covington, attorney for Appellee's Insurance Carrier, for settling with the Appellant Bell and his attorney, Mr. Wallace, without going through him, since he was shown on the petition to be co-counsel for Appellant. Since Mr. Wallace negotiated the settlement for his client, Mr. Bell, we do not find that there is any merit in Mr. Donovan's

contention. Since Mr. Donovan did not represent Mr. Bell in his personal claim for damages, he would not be entitled to an attorney fee as a result of the settlement with Mr. Bell for his personal claim.

The Trial Court's holding [that since Appellant Bell is no longer the party plaintiff the cause of action may not be maintained in his name] is an appealable order and may be reviewed by this Court since it disposes of the case in its present form.

12 O.S. 1971, § 221, provides:

"Every action must be presented in the name of the real party in interest * * *."

The real party in interest was Appellant Bell. Since he has settled his claim against Appellee Meadors, he is no longer the real party in interest. Therefore, Consolidated and its attorney, Mr. Donovan, may not proceed with this cause of action in the name of Appellant Bell.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, SIMMS and DOOLIN, JJ., concur.

BERRY, J., concurs in result.